By the Court,

Nelson, Ch. J.
Various objections have been taken to the ind'etment which it is proper to notice.
T is said the count is too general, and does not apprise the defendant sufficiently of the offence charged, so as to enable him to prepare for his de fence. The only ground for complaint in this respect must relate to time, the offence being laid on a particular day with a continuando; and to the persons to whom the spirituous liquors were sold, they not being named, and it not being alleged they were unknown to the jurors. In every other respect the count is sufficiently explicit and particular. Certainty in charging the offence to a common intent is all that is required by the rules of pleading in regard to indictments; this however is a very general expression, and usually must depend upon what may be the judgment of the court in the matter. There can be no general rule, applicable to all cases, governing the objection. As to time, the count, I think, is sufficiently certain, a day being mentioned; the continuando may be rejected as surplusage. Serjeant Hawkins says (b. 2 ch. 25, § 82), that if an indictment charge a man with having done such a nuisance on such a day and year, &c., and on divers other days, it is void only as to the facts on those days which are uncertainly alleged, and effectual for the nuisance on the day specified. See also 1 Chit. Cr. Law, 218, 180. Again he says, § 74, that if an indictment be uncertain as to some particulars only, and certain as to the rest, it is void only as to those which are uncertainly expressed, and good for the residue. This is a general principle, applicable to all indictments, and ii deed to every description of pleadings, upon the maxim, utile per inutile non vitiatur (1 Chitty's Pl. 232). Hero *269 the uncertain time may be entirely rejected, and the indictment is still good; the offence charged being laid under a particular day.
As to the persons. It is to be remarked that the offence upon the statute consists in the act of selling the spirituous liquors without a license; and therefore, the designation of the persons to whom sold is in no way material to constitute it. The question is simply one of pleading, whether certainty to a common intent requires the names of the persons to be given to whom the liquor was sold. The precedents appear to be all the other way. • Our statutes on this subject appear to correspond, substantially with the English acts of parliament, and were undoubtedly taken from them, forbidding the sale of “ distilled spirituous liquors, or strong water,” as will be seen ■from a collection of them in 2 Burns’ Justice, 185, and onward (4 Wentworth, 504), contains the form of an information upon these statutes, for selling without license, in which the mere act of retailing the liquor without a license is averred; the persons to whom it was sold are not mentioned, or in any way referred to. The same remark is applicable to an information and complaint before the justices for selling ale without license (1 Burns, 23, 25). There is a precedent in 2 Chit. Cr. Law, 434, for selling ale and beer on Sundays, in which the sale is charged as made to divers idle and ill disposed persons, whose names to the jurors aforesaid are yet unknown. Here, though the persons are mentioned as unknown, yet from the manner in which it is stated, it is, I think, to be inferred that the names were not deemed material, as in the precedents, when they are so considered, it is indicated by the form. In 4 Went. 525, a precedent is given for selling hard soap in a shape different from that.required by the statute of 24 G. 3, c. 48, § 14, in which the names of the persons are not mentioned or in any way referred to. The case is strictly analogous to the one under consideration, so far as respects the question involved. The precedents are clearly with the pleader in this case, and upon a question, the decision of which depends so much upon the opinion of the court as to what amounts [478] to certainty to a common intent, these afford, perhaps, as safe a guide as can be found.
It is said, also, that more than one offence is charged in the count, and that for that reason the judgment should be reversed. This is not true in point of fact. Upon our view of the time when the offence is laid in the indictment, that is, upon the day given, but one sale by retail is to be deemed charged in the count;, the three gills of brandy, three gills of rum, &c.. are to be viewed as having been sold at one and the same time, and as constituting but one transaction. It is a description of various sorts of liquors, with a view to avoid the difficulty of a possible misdescription of the article sold; and like a count in larceny, where the pleader seeks to charge the prisoner with stealing a watch, he usually sets forth various kinds of them, such as. one gold watch, one silver watch, &e., and on the trial, if he proves the. stealing of any one of them it is sufficient to convict; and after conviction, in the absence' of other proof, the legal effect of the record only imports the stealing of one watch, because that is enough to have authorized a conviction (The People v. McGowan, ante,p. 376). Here the record of conviction imports necessarily only the finding of the defendant guilty in respect to the sale, without license of one gill of the liquors described, because that would have warranted the conviction; still, if the sale of a greater quantity was involved, it would be perfectly competent for the defendant to prove the fact, if again indicted for the same offence, or for any instances of sales involved in the previous conviction. If we strike out the words “ divers days and times,” &c., as we have seen may be done, or in other words, as the defendant may require the prosecutor to confine his proof on the trial the same as if they were expunged, then but one offence is charged in the count, and the *270 conviction can not of course extend beyond it; a single sale of the quantity of liquor mentioned, to divers citizens of the state, and to divers persons unknown, &c. We need not therefore inquire whether more than one offence can be charged in the same count—a question supposed to be involved, and which was presented by the counsel for the defendant.
It was also urged that the verdict was defective. If our view upon the first point be correct, that the designation of the persons to whom the liquor is sold is altogether immaterial, and which we suppose fully borne out by authority, then the verdict is well enough. The sale to any one individual sustains the indictment and authorizes the conviction. Indeed, without the aid of this principle, I do not myself see how the verdict is defective. The objection, at most, goes to a question of variance between the offence, as laid, and the one proved, namely, that there was no proof of a sale to the persons unknown. Surely a sale to the others mentioned constitutes a violation of the act, and warranted the finding, if the proof was admissible under the count; if not, it should have been objected to, and any error of the court, in deciding such objection, brought upon a writ of error.
The verdict is informal, and seems to have been made up with a view to raise questions that do not legitimately belong to the record. More is set forth than is necessary to a conviction, and should be rejected as surplusage.
Judgment affirmed.