## COMMONWEALTH *vs.* CHRISTOPHER H. BRYDEN.

An indictment on the Rev. Sts. *c.* 47, alleged that B. on the 30th of April 1844, *and on divers other days and times between the* 1st *of January and the* 1st *Monday of May* 1844, *did presume to be and was a retailer and seller of spiritous liquor, in a less quan tity than twenty eight gallons,* &c. without being duly first licensed as a retailer of wine and spirits, as is provided by law, and did then and there sell and retail spiritous liquor to J. C. in a quantity less than twenty eight gallons, &c. to wit, in the quantity of half a pint. *Held,* that the words in italics might be rejected as surplusage, and that the remaining words sufficiently alleged a single act of selling spiritous liquor, by the defendant, without license.

THIS was an indictment, returned to the municipal court on the first Monday of May 1844, in which it was alleged that the defendant, "on the thirtieth day of April, in the year of our Lord eighteen hundred and forty four, at said Boston, and there on divers other days and times, between the 1st day of January last and the 1st Monday of May, did presume to be and was a retailer and seller of wine, rum, brandy and other spiritous liquor, in a less quantity than twenty eight gallons, and that delivered and carried away all at one time; he the said Bryden then and there not being duly first licensed as a retailer of wine and spirits, as is provided by law and in

12 *

the forty seventh chapter of the revised statutes of said Commonwealth; and he did then and there sell and retail spiritous liquor to a person whose name is Jacob Clapp, in a certain quantity less than twenty eight gallons, and that delivered and carried away at one time, to wit, in the quantity of half a pint, against the peace of said Commonwealth, and the form of the statute in such case made and provided."

The defendant, after *nolo contendere* entered, moved in arrest of judgment, because the indictment did not charge the time when he sold spiritous liquor in a less quantity than twenty eight gallons, &c. with the certainty and precision required by law, so as to enable the court to render judgment of guilty, or so as to apprise him of the precise offence of which he stood charged, and enable him to prepare for his defence. This motion was overruled by the municipal court, and the defendant thereupon alleged exceptions.

*Wheelock*, for the defendant.

*S. D. Parker*, for the Commonwealth.

DEWEY, J. Enough is set forth in the indictment to constitute the offence of a single act of selling spiritous liquor without being duly licensed, if we strike out all that part which charges generally that the defendant, "on divers days and times between the 1st day of January and the 1st Monday of May, was a retailer and seller of wine, rum, brandy and other spiritous liquor." This, we think, may be stricken out, upon the authority of *Commonwealth* v. *Pray*, 13 Pick. 359, and *The People* v. *Adams*, 17 Wend. 475.

*Exceptions overruled.*