Corwin, J.
At the April term of the Court of Common Pleas, 1850, the plaintiff in error was arraigned upon an indictment preferred against him, under the act of January 17, 1846, the “more effectually to prevent gambling,” 44 Ohio L. 10, 1 Curwen, 626, to which he pleaded not guilty; and the cause was submitted to a jury, who returned a general verdict of guilty, and thereupon the court assessed a fine against him of $150, upon each one of the two counts of the indictment; upon the record of which proceeding, the plaintiff has made the following assignment of errors:
“ First. The offense is laid with a continuando.
#“ Second. Separate judgments arc given upon each count, when the offense is the same and the verdict is general.”
The first count in the indictment charges, in substance, that Buck, on the first day of December, 1849, and on divers other days, etc., with force and arms, at, etc., did keep a room, there situate, to be used for gambling, and did then and there, and on divers other days and times, etc., unlawfully and injuriously cause and procure divers idle and ill-disposed persons to game together.
*54 The second count charges that Buck, on the first day of December, 1849, and on divers other days and times, etc., with force and arms, at, etc., did keep a room, there situate, and in said room did, on said day and divers other days, etc., knowingly permit the said room to be used for gambling.
We find no fault with the pleading, on account of the first error assigned ; but hold it to be settled that offenses of this description may be well laid in an indictment with a continuando. But even if this were doubtful, as each count in the indictment distinctly charges the offense to have been committed on the first day of December, 1849, it is described with sufficient certainty as to time; and the general averment that similar offenses were committed by the defendant on divers other days and times, may be rejected as surplusage. People v. Adams, 17 Wend. 475.
As to the second error assigned, although it has been held by the late court in bank, that where there are several counts in an indictment, some of which are defective, and one of which is good, a general verdict of guilty will be held to apply to the good count, and support the indictment; yet it may well be doubted whether, in any case, a general verdict of guilty will authorize separate penalties to be inflicted upon the separate counts in the indictment.
While it may be said that a general verdict of guilty means that the defendant is guilty as he stands charged in the indictment, yet it is evident that under the common practice adopted by prudent and careful pleaders, of charging the same offense, in different forms, in different counts of the *indictment, in order that the proofs may correspond with the charge as laid in some one of the counts, the punishment of a defendant upon each of the counts thus pleaded, when, in fact but one offense had been proven, would be fraught with the most monstrous injustice and oppression. And in view of the looseness of practice which sometimes prevails in this particular, a majority of the court think it more safe and just to require, that to authorize separate penalties to be inflicted upon the different counts of an indictment, there shall be a separate finding upon each of the counts. But it is not necessary to decide this question now, as the-offense described in the second count of the indictment does not come within the provisions of the act referred to, and therefore can not be sustained.
The act “ more effectually to prevent gambling” does not repeal alter, or modify the act of March 12, 1831, .entitled “ an act for *55 the prevention of gaming,” Swan’s Stat. 426, but simply comes in aid of the latter act, by provisions intended to break np gambling houses and punish severely the keeper of any gaming establishment or device. The first section of the act of January 17, 1846, provides for the punishment of two descriptions of persons only, viz: The keeper of a room to be used for gambling, and the owner of a room who shall rent the same, to be used or occupied for gambling, and the owner of the room so kept to be used or occupied for gambling, who shall knowingly permit the same to be so used or occupied, and shall not make complaint thereof. The second count of the indictment in the case under consideration, does not bring the defendant within either of those descriptions. He is not charged as the keeper of a room, which is kept to be used for gambling, nor as the owner of a room, who had rented the same to be used or occupied for gambling, nor as an owner of a room kept to be used or occupied for gambling, who knowingly permitted it to be so rised or occupied, and had failed to make complaint, but simply that he kept a room which he knowingly permitted to be used for gambling.
*A single act, such as charged in this second count, might occur in any man’s house or place of business, and would not come within the plain meaning and object of the act of January 17, 1846, unless it occurred in a room or place, kept for the purposes of gambling. Such an act might subject the defendant to the penalties prescribed in the 9th or 10th sections of the act of March 12, 1831, if the count were in other respects sufficient; but under that act, it was held by the late court in bank in Davis v. The State of Ohio, 7 Ohio, part 1, 204, that the indictment should set forth the names of the parties who were permitted by the accused to play, or if the names are unknown, it should be so alleged. No such averment being contained in the second count of this indictment, it is defective under the statute of March 12, 1831; and, for the reasons before assigned, it is equally defective under the act of January 17, 1846. The offense charged in the first count is complete whether any gambling was, in fact, done there or not—the preparation, fitting up, holding out, and keeping such a room for such a purpose, fully constituting the offense, and therefore, it is wholly unnecessary to make any averments as to the fact of gambling having been done, or as to the persons who did it. There being no objection to the proceeding so far as the first count is concerned, the *56 judgment of the court below thereon is affirmed with costs. The judgment of the court upon the second count is reversed.