## THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT, v. MARY HARMON, RESPONDENT.

*Indictment — it must charge but one crime — Code of Criminal Procedure, sec. 278.*

Upon an appeal from a judgment of a Court of Sessions, sustaining the defendant's demurrer to an indictment, it appeared that the indictment contained two counts: The first charging the defendant with selling intoxicating liquors on Sunday, the 26th of February, 1888, to Emil Lambert, and to divers citizens and persons to the jurors unknown; the second charging the giving away on Sunday, the 18th of March, 1888, of intoxicating liquors to divers citizens and persons whose names were to the jurors unknown.

*Held,* that the judgment should be affirmed as the indictment charged two separate and distinct misdemeanors.

APPEAL from a judgment of the Court of Sessions of Wyoming county, sustaining the defendant's demurrer to an indictment.

*E. M. Bartlett,* district attorney, for the people.

*O. P. Stockwell,* for the respondent.

HAIGHT, J.:

The indictment contained two counts. The first charges that the defendant did, on Sunday, the 26th day of February, in the year of our Lord 1888, at the town of Sheldon, in the county of Wyoming, willfully, unlawfully and maliciously sell to one Emil Lambert and to divers citizens of this State, and to divers persons whose names are to the jurors unknown, intoxicating liquors, etc. The second count charges that she did, on Sunday, the 18th day of March, in the year of our Lord 1888, at the town of Sheldon, in the county of Wyoming, willfully, unlawfully and maliciously give away to divers citizens of this State, and to divers persons, whose names are to the jurors unknown, intoxicating liquors, etc. The defendant demurred, upon the ground that more than one crime is charged in the indictment. The Court of Sessions sustained the demurrer, and from the judgment entered thereon this appeal was taken.

The statute under which the defendant was indicted provides that " no inn, tavern or hotel-keeper, or other person, shall sell or give away intoxicating liquors on Sunday    *    *    *    to any person

whatever, as a beverage." (Laws 1857, chap. 628, § 21, as amended by Laws of 1873, chap. 549, § 5.) Section 280 of the Code of Criminal Procedure provides that "the precise time at which the crime was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding thereof, *except where the time is a material ingredient in the crime.*"

In the case under consideration, it will be observed that the time is a material ingredient; for, under the statute already quoted, the selling or giving away of intoxicating liquors must be on *Sunday* in order to be brought within the prohibition of the statute. The first count, as we have seen, charges the selling on Sunday, the twenty-sixth day of February. The second count charges the giving away on Sunday, the eighteenth day of March; two different and distinct Sundays. The first count charges the sale to have been made to one Emil Lambert and to divers citizens and persons of the State unknown. The second count charges the giving away to have been to divers citizens and persons unknown, and does not charge it to have been made to Emil Lambert. It, consequently, appears to us, the time being a material ingredient in the crime, that two offenses are charged in the indictment, one of selling intoxicating liquors on Sunday, the 26th of February, 1888, to Emil Lambert and to divers citizens and persons to the jurors unknown, and the other is charged to have been committed on Sunday, the 18th day of March, 1888, by the giving away of intoxicating liquors to divers citizens and persons whose names are unknown. (*The People, etc.,* v. *O'Donnell,* 46 Hun, 358.)

Before the Code of Criminal Procedure separate and distinct misdemeanors could be joined in the same indictment. (*The People* v. *Dunn,* 90 N. Y., 104–107.) But section 278 of the Code of Criminal Procedure provides that " the indictment must charge but one crime, and in one form, except as in the next section provided." The next section (279) provides that " the crime may be charged in separate counts to have been committed in a different manner or by different means, and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts."

As we understand this provision, it would be competent to charge in separate counts that the same crime was committed in a different

manner or by different means. It would have been competent to have charged that the offense was committed on Sunday, the twenty-sixth of February, by the selling of intoxicating liquors, and to have charged in another count the same offense, at the same time, by giving away intoxicating liquors. And by the provision to the effect that "where the acts complained of may constitute different crimes, such crimes may be charged in separate counts," we understand it to refer to crimes having different degrees, such as murder and manslaughter, where the criminal act may constitute different crimes. The act of selling intoxicating liquors on Sunday, the twenty-sixth day of February, could not constitute the offense of selling or giving away on any other Sunday, for such sellling or giving away would be a separate and distinct offense.

It follows that the demurrer was properly sustained by the Court of Sessions, and that the judgment should be affirmed and the proceedings remitted to that court.

BARKER, P. J.; BRADLEY and DWIGHT, JJ., concurred.

Judgment affirmed and proceedings remitted to the Court of Sessions of Wyoming county.