THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* WILLIAM F. SINELL, Appellant.

*Court of Appeals. February* 9, 1892.

*Former adjudication. Excise.*—The acquittal of the defendant on a charge
of selling liquor, without a license under chap. 628 of 1857, on or after
a certain date, is no bar to an indictment and conviction for a sale
made prior to the transactions to which the record of acquittal relates.

Appeal from judgment of the supreme court, general term,
second department, affirming conviction of defendant for
violation of the excise law.

*Arthur S. Tompkins*, for appellant.

*Wm. McCauley, Jr.*, district attorney, for respondents.

ANDREWS, J.—The indictment laid the selling of the liquor
on the 1st of February, 1886, with a *continuando* charging
sales on divers other days between that date and the 1st of
May, 1889. The proof related to sales within the period
mentioned. The plea of former acquittal was sought to be
sustained by a record of acquittal of the defendant on an in-
formation before a justice of the peace, charging the defend-
ant with illegally selling liquor after the 1st day of May,
1889, which information was lodged the same day as that on
which the indictment was found. The record of acquittal
shows that the evidence on the trial before the justice was
confined to alleged sales made after May 1, 1889. The of-
fense for which the defendant was indicted and tried was
not the same offence of which the defendant was acquitted
before the justice. If the indictment had been sought to be
maintained by proof of sales made after the 1st day of May,
and before the information was filed, a different question

would be presented.   But as this was not attempted, and as each sale constitutes a separate offense, the acquittal of the defendant on a charge of selling after a certain date is no bar to an indictment for a sale made prior to the transaction to which the record of acquittal related.   This constituted a different and independent transaction.   See People v. Adams, 17 Wend. 475.

No other point being raised the judgment should be affirmed.

All concur.