### PEOPLE v. HUFFMAN.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1897.)

1. INTOXICATING LIQUORS—SALES—INDICTMENT—DUPLICITY.

    An indictment charging that defendant did, on or about a certain date, sell and deliver "to said W. and R., and to said divers other persons," liquor, without having paid a tax therefor, does not violate Cr. Code, § 278, providing that the indictment must charge but one crime, since the sale to divers persons is considered as one transaction, and on the trial prosecutor will be confined to the proof of a single offense.

2. SAME—PLEADING AND PROOF.

    Where defendant is charged in an indictment with having sold liquor to two persons in violation of Laws 1896, c. 112, § 31, making it an offense to sell liquors in less quantities than five gallons without having paid a tax, the sale will be presumed to be a joint one; and under section 33, making each violation a separate offense, and Cr. Code, § 275, providing that the indictment shall contain a plain and concise statement of the act constituting the crime, after evidence has been introduced to prove a sale to one party named in the indictment, evidence cannot be admitted to prove a sale at a different time to the other named in said indictment.

Appeal from Allegany county court.

William H. Huffman was found guilty of a violation of the excise law. From the judgment and from an order denying a motion for a new trial, he appeals. Reversed.

A grand jury of Allegany county on the 12th of June, 1896, presented an indictment against the defendant charging him with the "crime of selling liquor in quantities less than five gallons at a time, without having paid a tax as provided by section 11 of chapter 112 of the Laws of 1896, and obtained and posted a liquor tax certificate, as provided by the said statute, which crime is thus defined by sections 31 and 34 of the said statute, and was committed as follows: The said Wm. H. Huffman did, on or about the 26th day of March, 1896, at the town of Friendship, in the county of Allegany, aforesaid, willfully sell, and cause, suffer, and permit to be sold, liquor in quantities less than five gallons at a time, to James Whalen and C. H. Rob-

inson, and to divers other persons, and to divers persons to the jury aforesaid unknown, and did then and there unlawfully deliver, and cause to be delivered, in pursuance of such sale, to the said James Whalen and C. H. Robinson, and to said divers other persons, and to said divers persons to the jury aforesaid unknown, liquor, to wit, one pint distilled spirits, * * * without having paid a tax therefor, and obtained and posted a liquor-tax certificate, as required by the provisions of chapter 112 of the Laws of 1896, contrary to the form of the statute. * * *" The defendant interposed a demurrer to the indictment on two grounds: "First, the indictment charges more than one crime, contrary to section 278 of the Criminal Code, to wit, it alleges the sale of liquor to one James Whalen and to one C. H. Robinson; second, that the indictment does not conform to the requirements of sections 275 and 276 of the Criminal Code." The demurrer was overruled, and the defendant pleaded not guilty, and a trial was had on the 5th of December, 1896, in the county court of Allegany county.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Fuller & Rice, for appellant.
Charles H. Brown, Dist. Atty., for the People.

HARDIN, P. J.    It is provided in section 275 of the Code of Criminal Procedure that the indictment must contain "a plain and concise statement of the act constituting the crime, without unnecessary repetition."    In section 278 of the Code of Criminal Procedure it is provided, viz.: "The indictment must charge but one crime and in one form except as in the next section provided."    Section 279 of the Code of Criminal Procedure provides, viz.: "The crime may be charged in separate counts to have been committed in a different manner or by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts." These sections have lately been construed by the court of appeals in People v. Wilson, 151 N. Y. 403, 45 N. E. 862.    In the case cited it has been held that the effect of the provision of section 279 of the Code of Criminal Procedure, that, "where the acts complained of may constitute different crimes, such crimes may be charged in separate counts, constituting an exception to the provision of section 278, that 'the indictment must charge but one crime,' is to permit a continuance of the former practice of joining different crimes by separate counts, where they all relate to the same transaction."    "The act" constituting the crime alleged in the indictment against the defendant is that he "did, on or about the 26th day of March, 1896, * * * sell, and cause, suffer, and permit to be sold, liquor in quantities less than five gallons, * * * and did then and there unlawfully deliver, and cause to be delivered, in pursuance of such sale, to the said James Whalen and C. H. Robinson, and to said divers other persons, and to said divers persons to the jury aforesaid unknown, liquor, to wit, one pint distilled spirits [and other enumerated kinds of liquor], without having paid a tax therefor, and obtained and posted a liquor-tax certificate, as required by the provisions of chapter 112 of the Laws of 1896."    In People v. Adams, 17 Wend. 475, it was held, viz.:

"In an indictment for selling spirituous liquors without license, it is not necessary to specify the names of the persons to whom the sales were made. A

count in such an indictment charging the sale of divers quantities of different sorts of liquors, to divers citizens of the state, and to divers persons unknown, cannot be objected to on error as a count embracing more than one offense; the whole will be deemed a single transaction. The public prosecutor, however, on such a count, may, on the trial, be confined to the proof of a single offense. An indictment charging an offense on a particular day, and also on divers other days, is good. A day certain being alleged, the residue will be rejected as surplusage."

In the indictment before us only one day is mentioned, to wit, the 26th of March, 1896.

In the course of the opinion delivered in People v. Adams, supra, Nelson, C. J., said:

"It is to be remarked that the offense upon the statute consists in the act of selling the spirituous liquors without a license, and therefore the designation of the persons to whom sold is in no way material to constitute it. The question is simply one of pleading,—whether certainty to a common intent requires the names of the persons to be given to whom the liquor was sold."

Although the indictment in that case averred that the defendant sold by retail, "to divers citizens of this state, and to divers persons to the jurors aforesaid unknown, and did deliver, in pursuance of such sale, to the said divers citizens, and the said divers persons to the jurors aforesaid unknown, strong and spirituous liquors," to be drank in the house of John Adams at the city of Utica, the learned judge in that case observed that the claim that the count contained more than one offense could not be sustained, and he adds:

"Upon our view of the time when the offense is laid in the indictment,— that is, upon the day given,—but one sale by retail is to be deemed charged in the count. The three gills of brandy, three gills of rum, etc., are to be viewed as having been sold at one and the same time, and as constituting but one transaction. * * * If we strike out the words, 'divers days and times,' etc., as we have seen may be done, or, in other words, as the defendant may require the prosecutor to confine his proof on the trial the same as if they were expunged, then but one offense is charged in the count, and the conviction cannot, of course, extend beyond it,—a single sale of the quantity of liquor mentioned, to divers citizens of the state, and to divers persons unknown," etc.

That case was referred to with approval in Osgood v. People, 39 N. Y. 451, which latter case was decided in 1868, before the passage of the Code of Criminal Procedure. The indictment is quite unlike the one under consideration in People v. O'Donnell, 46 Hun, 360. In that case the indictment alleged sales on four different days, naming them. We are of the opinion that no error was committed in overruling the demurrer to the indictment.

2. Upon the trial the people called as a witness James Whalen, who testified that he went into the defendant's hotel on the 26th of March, 1896, and that the bartender was behind the bar in the barroom at the time. The witness adds:

"I told him I wanted a half pint of whisky. He passed it right out, and I paid him twenty-five cents. That was the first I was in that house that day. I had two half pints. That was about two o'clock; the other time, about half past three the same day. I again went into the hotel. I went to the barroom. I saw the same person behind the bar. I got a half pint of whisky. I took it, and put it in my pocket. I got it of Mr. Coleman [the bartender], and paid twenty-five cents for it."

In the course of his cross-examination the witness stated that he was acquainted with C. H. Robinson, and he adds:

"I did not see him the day I got the whisky. He had nothing to do with the purchase of that whisky."

It appears by the evidence that Archie Worden participated in drinking the whisky that was purchased by Whalen, and that he was placed in the lockup, and that certain proceedings were instituted before one W. H. Scott, a justice of the peace, on the day after the alleged sale of the whisky, or the day thereafter; and an affidavit was made before the justice by Whalen which was received in evidence, without objection, before the trial closed, and in that affidavit Whalen says, viz.:

"On the 26th day of March, 1896. I went into the said hotel, to wit, the American House, at the town and village of Friendship, Allegany county, and then and there bought of the bartender in the said house two one-half pint bottles of whisky. I know it was whisky, as I drank a large portion of it myself. I was somewhat intoxicated at the time I got this whisky. I bought it of a man behind the bar in said hotel whose name I do not know, but he was a short, thick-set man. I paid twenty-five cents for each half pint I got there."

The testimony of Whalen, coupled with the affidavit, which was received without objection, clearly established, if credited, a violation of the statute, and that it occurred on the 26th day of March, 1896, as alleged in the indictment.

In section 31 of chapter 112 of the Laws of 1896 it is provided:

"It shall not be lawful for any corporation * * * or person which, or who, has not paid a tax as provided in section eleven of this act and obtained and posted the liquor tax certificate as provided in this act to sell, offer or expose for sale, or give away liquors in any quantity less than five wine gallons at a time; nor, without having paid such tax and complied with the provisions of this act, to sell, offer or expose for sale, or give away liquor in any quantity whatever, any part of which is to be drunk on the premises of such vendor. * * *"

In section 33 of that act it is provided that any person engaged in the traffic of liquors—

"Shall upon conviction of a violation of any of the provisions of this act be liable for and suffer the penalties imposed therein; * * * and each violation of any of the provisions of this act shall be construed to constitute a separate and complete offence, and for each violation on the same day, or on different days, the person or persons offending shall be liable to the penalties and forfeitures imposed by this act."

The evidence given as to the purchase made by Whalen, if credited, was sufficient "to constitute a separate and complete offence," as declared in the language of the statute which has just been quoted.

The people put upon the stand C. H. Robinson, as a witness, who testified that in the latter part of March he had occasion to go to his hotel, and he was then asked: "Q. Did you have anything to drink there?" The defendant objected to the question on the ground that it was "incompetent, and seeks to prove another and distinct crime from the one already sought to be proved." The witness then added: "I cannot tell you what day it was. Have not very much recollection of the time. Have no means of telling when it was. I was sworn

before Mr. Scott." Thereupon the following question was pro-
pounded to him: "Q. Did you in that affidavit state when it was you
had something to drink in that hotel?" This was objected to again,
on the ground that it was incompetent, immaterial, and irrelevant.
The objections were overruled, and the defendant took an exception.
The witness answered: "I think the affidavit would refresh my mind
as to what I did say." Thereupon the district attorney put in the
hands of the witness a paper, and asked him to read it, and then pro-
pounded to the witness the following question: "Q. Can you state
to the jury when it was you had anything to drink in Huffman's
Hotel, the latter part of March?" This was objected to by the de-
fendant as "incompetent; (2) seeks to prove a separate and distinct
crime from the one already sought to be proved; (3) inadmissible un-
der the indictment." The objections were overruled, and the de-
fendant took an exception. The witness answered: "Some time in
March. It was previous to the prosecution, but cannot tell how long
before. I guess I did swear how long it was. I guess I can tell
what I swore to. It says so in that affidavit. The affidavit was
made on the 28th day of March." The following question was then
propounded to him: "Q. What was it you did on the occasion refer-
red to?" The defendant objected to the question on the ground
that it was "immaterial, irrelevant, seeking to prove a distinct crime
from the one already sought to be proved. Inadmissible under the
indictment." The objections were overruled, and an exception taken.
The witness answered: "I drank at the bar there; drank beer and
I drank whisky there. I bought the whisky of this young man Cole-
man. I bought one drink of him, and I guess I paid ten cents. Paid
it to Coleman. I was in the habit of going in and out of there, some-
times three or four times a day."

The language used in the indictment would warrant the construc-
tion apparently given to it by the county judge, that the averment
was that the sale was to Whalen and Robinson jointly, which was
doubtless the view taken by the county judge in order to overcome
the objections made by the defendant to the indictment. People v.
Harmon, 49 Hun, 558, 2 N. Y. Supp. 421, affirmed 112 N. Y. 666, 20 N.
E. 414. The people, however, in producing evidence, gave testimony
to the effect of the independent sale made to Whalen of the whisky
on two different occasions (there being no objection to the second
occasion), and, when the attempt was made by the evidence of Rob-
inson to prove another violation, it was apparently to prove a violation
not specifically mentioned in the indictment. As we have seen, the
statute provides that each violation shall be a complete offense. If
the evidence which was offered and received from the witness Rob-
inson is received and considered, then the people are in the attitude
of proving an additional offense to the one alleged in the indictment.
The refusal of the defendant's counsel to concede that the people had
proved one offense by the testimony of Whalen does not seem to be
an adequate excuse for allowing evidence from Robinson of a dis-
tinct, separate, independent violation of the law. Section 33 of chap-
ter 112 of the Laws of 1896 provides that "each violation on the same
day, or on different days," shall subject the person offending "to the

penalties and forfeitures imposed by this act." If the evidence of Robinson was competent, then we have an anomalous situation of an indictment alleging a sale to Whalen and Robinson as a sale to them jointly, proof of sale to Whalen under that indictment, and then proof of sale on another occasion to Robinson in the absence of Whalen. As already stated, section 275 of the Code of Criminal Procedure prescribes that the indictment "shall contain a plain and concise statement of the act constituting the crime." It will hardly do to allege an act in violation of law by a sale to two persons jointly, and then prove the sale to one independent of the other, and, after having given such proof of the act constituting the crime, then permit a party to prove another additional act, especially under a statute which declares that each and every violation of any of its provisions "shall be construed to constitute a separate and complete offence," and subject the party accused of a violation, "for each violation on the same day, or on different days," to a penalty. People v. Krank, 110 N. Y. 488, 18 N. E. 242; People v. Charbineau, 115 N. Y. 433, 22 N. E. 271, which was commented upon in People v. Wilson, 151 N. Y. 409, 45 N. E. 862. If the foregoing views prevail, it will lead to a reversal of the judgment and order and a new trial.

Judgment upon the verdict and order denying a new trial reversed, and a new trial directed in the county court of Allegany county, to which county, after entry of judgment in pursuance of section 547 et seq., Code Cr. Proc., the proceedings are remitted. All concur.