County Court, Rensselaer County, July, 1901. Reported. 35 Misc. 590.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ELIZABETH HAREN, Defendant.

Liquor Tax Law—Indictment imperfect only in form—Charging one crime—Joint sale of liquor and proof—Exceptions not appearing in the enacting clause of a statute need not be negatived by the prosecution—L. 1896, ch. 112, § 31, subd. a, § 33; 1897, ch. 312, § 22— Code Crim. Pro., §§ 265, 278, 279, 284, 285.

An indictment, entitled "Supreme Court of the County of Rensselaer," is not demurrable for that reason, as the presence of the word "of" instead of "in," or a comma, will be deemed an "imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant, upon the merits," within Code Crim. Pro., § 285.

An indictment which, in one count, charges the crime of selling liquor on Sunday, and, in another, the crime of offering and exposing it for sale on Sunday, the description of the date, place, persons and goods sold or offered for sale, being identical in each count, does not charge two crimes, but different aspects of the single crime described in Laws of 1896, chap. 112, § 31, and subd. a.

A count, alleging that the defendant "unlawfully did sell to Charles H. Morris and to certain other persons whose names are unknown to the grand jury," charges only a joint sale to the persons indicated; the charge will be sustained by proof of one sale and not more than one sale can be proved under the count.

A count, otherwise sufficient, need not allege that the defendant was not a hotel keeper, nor that the alleged purchasers of liquor were not his guests, or that the sales were made to them in the barroom or other similar rooms, as these provisos or exceptions of the statute need not be negatived by the prosecution since they do not appear in the declaratory or enacting portion of said section 31, as amended by Laws of 1897, chap. 312, § 22, but are found in a subsequent independent part of the section, and moreover do not relate exclusively to sales on Sunday.

DEMURRER to indictment.

*Jarvis P. O'Brien, assistant district attorney,* for people.

*Jeremiah K. Long,* for defendant.

NASON, J.:   The defendant in this case was indicted on the 10th day of April, 1901, by a grand jury of Rensselaer county, convened at the same time with the trial term of the Supreme Court, for a violation of the Liquor Tax Law, the indictment containing two

counts, one for the crime of selling liquor on Sunday, November 11, 1900, and the other for exposing liquor for sale on the same day.

The indictment, by order of the Supreme Court, was sent to the County Court of Rensselaer county, and upon arraignment in the County Court, the defendant demurred to the indictment upon various grounds. These grounds may be briefly discussed and disposed of seriatim.

*First.* The defendant's first ground of demurrer was that the indictment does not conform substantially to the requirement of section 265 of the Code of Criminal Procedure, in that there is no such court as the Supreme Court of the county of Rensselaer, the indictment being entitled "Supreme Court of the County of Rensselaer."

It would not seem that this defect should be allowed to invalidate the indictment. Section 284 of the Code of Criminal Procedure provides "The indictment is sufficient, if it can be understood therefrom: 1. That it is entitled in a court having authority to receive it though the name of the court be not accurately stated."

Section 285 provides, "No indictment is insufficient nor can the trial, judgment or other proceedings thereon be affected, by reason of an imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant, upon the merits."

This court can take judicial notice that there is only one Supreme Court which is organized and acting under the Constitution of the State; that such court, at certain designated times, holds its trial terms in Rensselaer county; for which grand juries are impanelled and summoned and at which they attend, and of all other constitutional provisions, rules, laws and statutes affecting our system of judicature and administration of criminal justice, and must, therefore, almost of necessity, conclude that this indictment was found in the Supreme Court of the State of New York, and that the presence of the word "of" instead of the word "in" or in place of a comma, was the result of pure inadvertence and clerical error on the part of the pleader. It would not seem that the defendant could possibly have been mis-led or prejudiced by such an unimportant defect, which must be deemed as a "mere imperfection of form" and can, therefore, be disregarded.

*Secondly.* A further ground of demurrer is that the indictment charges more than one crime, in that it charges in the first count the crime of selling liquor on Sunday, and in the second count charges the crime of offering and exposing for sale liquor on Sunday.

Section 278 of the Code of Criminal Procedure provides: "The indictment must charge but one crime and in one form, except as in the next section provided."

Section 279 reads: "The crime may be charged in separate counts to have been committed in a different manner, or by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts."

In view, therefore, of the identity in the description of the date, place, persons, goods sold or offered for sale in the two counts, the only obvious and reasonable interpretation of the indictment is that the two counts present different aspects of the same transaction, and that only one punishment could be imposed upon a general verdict of guilty. *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559.

Our attention has been called to section 33 of the Liquor Tax Law, which provides that "Any person engaged in the traffic in liquors * * * shall upon conviction of a violation of any of the provisions of this act be liable for and suffer the penalties imposed therein; * * * and each violation of any of the provisions of this act shall be construed to constitute a separate and complete offense, and for each violation on the same day, or on different days, the person or persons offending shall be liable to the penalties and forfeitures imposed by this act."

The identity of the transaction set forth in the first count with the transaction set forth in the second count, the same matter being simply differently characterized in each count, is plain on the face of the indictment. Both counts clearly refer to the one crime, and defined in the second paragraph of the introductory part of section 31 taken in connection with subdivision *a*; and it may be added that the allegation that the defendant " unlawfully did sell to one Charles H. Morris and to certain other persons whose names are unknown to the grand jury," in legal effect, charges a joint sale to the persons indicated and not separate sales, and that the charge will be sufficiently sustained by proof of one sale under the circumstances alleged to one or more, although proof of more than one sale under such an indictment

must be excluded. (*People* v. *Adams,* 17 Wend. 475; *People* v. *Harmon,* 49 Hun, 558; *People* v. *Huffman,* 24 App. Div. 239; *People* v. *Schmidt,* 19 Misc. Rep. 458; *People* v. *O'Donnell,* 46 Hun, 360; *People* v. *Satchwell,* 61 App. Div. 312.

*Thirdly.* Another ground for demurrer is that each count fails to state facts sufficient to constitute a crime, required to be stated within the provisions of section 31 of the Liquor Tax Law, in that it fails to show " that the defendant was not a hotel keeper and that the persons to whom the sales of liquor are alleged to have been made, were not guests of the hotel and that such sales were made to them in the barroom or other similar hotel rooms."

This contention cannot be successfully maintained. The general rule is well settled that " Where the exception itself is incorporated in the general clause, * * * it is correct to say, whether speaking of the statute or private contract, that unless the exception in the general clause is negatived in pleading the clause, no offense or no cause of action, will appear in the indictment or declaration when compared with the statute or contract, but when the exception or proviso is in a subsequent substantive clause, the case contemplated in the enacting or general clause may be fully stated, without negativing the exception or proviso, as a *prima facie* case is stated, and it is for the party for whom matter of excuse is furnished by the statute or contract to bring it forward in his defense." See *U. S.* v. *Cook,* 17 Wall. 175; *Fleming* v. *People,* 27 N. Y. 329; *Jefferson* v. *People,* 101 id. 20.

In other words, if all the elements of the offense as together set forth in the indictment constitute a crime as defined in the law or statute, then exceptions or provisos not appearing in the enacting clause which exempt certain persons from the operation of such law or statute, by reason of their character or condition, or that limit its generality as governing all cases to which it might otherwise be applicable, need not be negatived, and sometimes, even if the exceptions or provisos appear in the enacting clause if not necessary to be alleged as a part of a *prima facie* case, they need not be negatived, but must be proved as defensive matter.

In accordance with these views, the framing of an indictment so that all the elements involved in the definition of the crime may be made to appear and thus fulfill the laws of pleading with regard to negativing or ignoring exceptions, may depend quite as much upon the phraseology and grammatical construction of

the statute as upon the logical connection of its parts. For it is not difficult to conceive many cases where, by simply transposing the location of certain clauses in the statute, provisos and exceptions that might otherwise be ignored in drawing an indictment would have to be expressly negatived, because they would thus become incorporated into the definition of the offense. According to this criterion, the pleader was under no necessity of negativing in this indictment any of the exceptions of the statute as claimed by the defendant.

Section 31 of the Liquor Tax Law enumerates a large number of acts forbidden by statute and denounced as unlawful, among which we find the sale or offering for sale of liquor on Sunday. The declaratory part of each of these subdivisions of this section is in itself an enacting clause. Subsequent to this enumeration of misdemeanors, under the act, appear certain complicated and involved paragraphs that are grammatically quite independent of and disconnected from the matter immediately preceding it, and none of which are exclusively referable to any one of these prohibitions, but relate to groups of them. The first and second of these qualifying paragraphs, which secure to pharmacists and hotel-keepers the right of selling or disposing of liquor on Sunday under certain conditions, have no more reference to sales on Sundays than to sales on other days, between one and five o'clock in the morning, or on election day or upon agricultural fair grounds. See *People* v. *Crotty*, 22 App. Div. 75.

Under the authorities and upon the reasoning stated, therefore, it is impossible to interpret the statute as if these provisos or exceptions relating to pharmacists and hotel keepers were actually incorporated in the enacting clause restraining Sunday selling, and should, therefore, be negatived in an indictment charging that offense.

This defendant has been sufficiently apprised of the accusation that has been made against her by a particular description of her alleged offense, corresponding to the definition of the statute, and there would seem to be no good ground, reason or justice why the pleader should be compelled to allege in the indictment the absence of that which the defendant is compelled to prove as a matter of defense.

The demurrer must, therefore, be disallowed.

Demurrer disallowed.