(74 App. Div. 542.)

PEOPLE v. ANDRUS.

(Supreme Court, Appellate Division, Fourth Department.   July 8, 1902.)

1. INTOXICATING LIQUORS—SALE TO MINOR—EVIDENCE OF SEPARATE OFFENSE.
    In a prosecution for selling liquor to a minor in violation of Liquor
    Tax Law, c. 112, § 30, the prosecuting witness, after giving evidence
    of one of the sales charged in the indictment, said that he bought liquor
    of accused "on other nights." The prosecuting attorney stated that the
    evidence was offered to show guilty knowledge or intent to violate the
    law, but afterwards claimed that all the sales were at the same time
    and within the indictment. The evidence showed that witness was alone
    and purchased liquor in a bottle on the occasion to which the objection
    related, but was in company with others, and drank from a glass on
    the occasion mentioned in the indictment. Held, that it was reasonably
    clear that the evidence objected to related to a different time from the
    one charged in the indictment, so as to be inadmissible under section 30,
    providing that each alleged sale shall be a complete offense.

Appeal from Yates county court.

Peter J. Andrus was convicted of selling liquor to a minor, and
appeals. Reversed.

The indictment in this case contains three counts, each of which charges
the defendant with a violation of section 30 of chapter 112 of the Laws of
1896, known as the "Liquor Tax Law." The first count charges the de-
fendant with having on the 9th day of November, 1901, at the town of Milo,
in the county of Yates, illegally and unlawfully offered and exposed for sale
fermented and malt liquors in quantities less than five gallons at a time,
to be drunk on the premises, to one Samuel Ortley, who was then and there
a minor under the age of 18 years; the second count charges the defendant
with having sold and delivered to the same party on the 9th day of Novem-
ber, 1901, at the town of Milo, fermented and malt liquors in quantities
less than five gallons at a time, to be drunk on the premises; and the third
count charges the defendant with having, at the same time and place,
illegally and unlawfully given away to one Samuel Ortley fermented and
malt liquors in quantities less than five gallons at a time, to be drunk upon
the premises. The defendant was convicted under the second count, and
from the judgment thereupon entered, as well as from an order denying the
defendant's motion for a new trial, this appeal is brought.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and HISCOCK, JJ.

Thomas Carmody, for appellant.
A. Gridley, Dist. Atty., for the People.

ADAMS, P. J.   Subdivision 1 of section 30 of the liquor tax law
provides that no corporation, association, copartnership, or person,
whether taxed under that act or not, shall sell, deliver, or give away,
or cause, permit, or procure to be sold, delivered, or given away,
any liquors "to any minor under the age of eighteen years, nor
to such minor for any other person." And by subdivision 2 of section
34 of the same act a violation of the provisions of section 30 is made
a misdemeanor. Manifestly, therefore, two elements are essential
to establish the crime charged in the second count of the indict-
ment, viz.: (1) The sale of liquor; and (2) that such sale was to a
minor under the age of 18 years.

¶ 1. See Criminal Law, vol. 14, Cent. Dig. § 830; Intoxicating Liquors,
vol. 29, Cent. Dig. § 289.

That the defendant did sell liquor to one Samuel Ortley, the party named in the indictment, and in quantities less than five gallons at a time, to be drunk upon the defendant's premises, was sufficiently established upon the trial to sustain the verdict of the jury, although the evidence bearing upon that feature of the case tended to show that such sale took place upon the 16th day of November, 1901, instead of the 9th day of that month, as charged in the indictment.

The evidence, however, as to the age of Ortley was very far from satisfactory. Indeed, it is difficult to resist the conclusion that in order to reach the conclusion they did upon this branch of the case the jury must have indulged in more or less speculation; for the only evidence that Ortley was under the age of 18 years was furnished by himself, and under circumstances which entitled it to little or no credence. Ortley, it seems, is an Indian boy, and had been an inmate of the Indian school at Carlisle, Pa., from which institution he ran away, and came to Penn Yan. Shortly after reaching the latter place he stole $15 from his employer, and when brought before the police justice to answer to that offense stated that he was 18 years of age. Upon his cross-examination in the present action, when asked in regard to such statement, he declared that he believed that was his age, although upon his direct examination he had sworn that he was but 16. As a matter of fact he obviously knew nothing about his age except what some indefinite person at the Indian school had told him, and as a consequence we find him upon one occasion declaring himself to be 16, upon another 18, and upon still another 19 years of age. It seems to us hardly safe to allow a conviction to stand upon such unsatisfactory and contradictory evidence, where, as in this case, the age is of the essence of the offense, even when augmented by the appearance of the witness himself. But, without determining the present appeal upon this question, we think the judgment and order appealed from must be reversed for error in the admission of evidence.

In the course of the trial the district attorney proved by Ortley that he had purchased one or more drinks of liquor at the defendant's bar upon a certain occasion, which was subsequently proven to have been about the 16th day of November, and in this connection Ortley stated that he had been there and purchased liquor upon other occasions. He was then asked, "On what other time did you have it?" to which question the defendant's counsel objected that it called for proof of a separate and distinct offense, whereupon the court stated as follows, viz.:

"If one of those sales comes within the spirit of the indictment, that I suppose will be the limit of the case to go to the jury. He may prove three sales, and if he brings one of those sales within the allegations of the indictment that will be his case."

To this ruling the defendant's counsel duly excepted, and the witness then answered: "I drank on other nights; whisky and beer." After giving this answer, the following proceedings took place:

"Defendant's Counsel: I object to proof of sale of whisky as improper and inadmissible under the indictment. (Overruled. Exception by defendant.) By Witness: It was before this time I have spoken of. I have

bought liquor there otherwise.   Q. How?   Defendant's Counsel:   I object to the evidence as improper and inadmissible under the indictment.   The Court: At any time which you have reason to suppose would bring yourself within the allegations of the indictment?   District Attorney:   I am asking this to show a sale to him in a bottle.   Of course it is not within this indictment, but is an illegal sale, and shows guilty knowledge upon the part of the defendant,—intent to break the law.   The Court:   I do not believe you are entitled to it for that purpose.   Of course, if it comes within the time charged in the indictment, it would certainly be all right.   District Attorney: This occurred at that time, whenever the time was; that identical night. The Court:   If you affirm that it is only for the purpose of showing what you said, I shall sustain the objection; if you affirm it to be an action which may come within the allegation of your indictment, that is another thing.   District Attorney:   It is all res gestæ.   It is the same thing.   One is a sale in a bottle, the other a sale in a glass.   The Court:   If it comes within your indictment, you can have it.   For the present we will take it.   (Exception by defendant.)   A. I bought liquor there in another way,—in a half-pint bottle.   Q. Who did you buy it of?   Defendant's Counsel:   I object to it as improper and incompetent and inadmissible under the indictment.   The Court:   He may have it for the present.   (Exception by defendant.)   Q. Who did you ask for it?   A. Mr. Andrus,—Peter J. Andrus.   I asked for whisky. He gave it to me—whisky—in a bottle; a half-pint bottle.   I paid him twenty-five cents for it.   I drank it.   It was whisky.   I paid ten cents for the whisky in the glass at the bar.   I paid five cents for the beer.   Somebody drank out of the bottle with me."

The record does not disclose on what precise day this bottle of whisky was purchased, nor was the witness able to state just when it was that he purchased and drank beer at the defendant's bar; but he did say that it was on some occasion when he was in the company of a young man by the name of Fred Finger, and another person by the name of Harry, whose surname he was unable to recall, and he also testified that he was at the defendant's place in company with these same persons more than once.   These facts, when taken in connection with the admission of the district attorney that the sale of liquor in the bottle did not come within the indictment, but that evidence thereof was offered solely to show guilty knowledge upon the part of the defendant, leaves little or no question but that such sale occurred upon a different occasion from the one which forms the basis of the indictment.   Ortley's evidence, as a whole, certainly sustains such a conclusion, and it is by no means in harmony with the statement of the district attorney that it "all occurred at one time."

Section 33 of the liquor tax law provides that:

"Each violation of any of the provisions of this act shall be construed to constitute a separate and complete offense, and for each violation on the same day, or on different days, the person or persons offending shall be liable to the penalties and forfeitures imposed by this act."

Within the express language of this section, we think it must, under the circumstances above detailed, be held that the sale of the whisky in the bottle constituted a separate and distinct offense. This being the case, the evidence objected to was clearly inadmissible   (People v. Huffman, 24 App. Div. 233, 48 N. Y. Supp. 482; People v. O'Donnell, 46 Hun, 358);   and, inasmuch as it was not withdrawn from the consideration of the jury, it must necessarily have been prejudicial to the defendant.   Indeed, it is impossible

to say that it was not relied upon by the jury in reaching the verdict they rendered. The foregoing views necessarily lead to a reversal of the judgment and order appealed from.

Judgment of conviction and order reversed, new trial ordered, and case remitted to the county court of Yates county, pursuant to section 547, Code Cr. Proc. All concur.