## PEOPLE v. SEELEY.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

1. LIQUOR TAX LAW—VIOLATION—INDICTMENT—SUFFICIENCY.

Under the provisions of the Code of Criminal Procedure, prescribing the form of an indictment, and requiring it to charge both the crime and the act constituting it, an indictment charging the crime of offering and exposing for sale fermented liquors and distilled and rectified spirits in violation of Liquor Tax Law (Laws 1897, p. 233, c. 312) § 31, is sufficient.

2. SAME—INFORMALITY—CRIMINAL LAW—HARMLESS ERROR.

Under Code Cr. Proc. § 542, requiring the appellate courts to give judgment without regard to exceptions which do not affect the substantial rights of the parties, informality in an indictment for violation of the liquor tax law, in alleging a sale without a license, instead of a sale without having paid the tax, is not cause for reversal; the crime named at the head of the indictment being a violation of Liquor Tax Law (Laws 1897, p. 233, c. 312) § 31, and there being a charge that the sale was contrary to the statute in such case made and provided.

3. SAME—DUPLICITY.

An indictment for violation of Liquor Tax Law (Laws 1897, p. 233, c. 312) § 31, charging a sale without a license, and also a sale in a town which had voted that no license should be granted, is not duplicitous, where the allegation is merely that liquor was sold in a town in which the electors had voted that no liquor should be sold, since, to bring a charge within the provision forbidding the sale of liquor, even with a license, in a town where, under certain conditions, the electors have voted that no liquor should be sold, facts must be alleged to show that the vote was taken after petition duly presented, and due notice given to the electors of the vote to be taken.

4. SAME—EVIDENCE—ADMISSIBILITY—CRIMINAL LAW—HARMLESS ERROR.

On a prosecution for violation of Liquor Tax Law (Laws 1897, p. 233, c. 312) § 31, for selling without license, where the case was submitted

to the jury practically on the one question whether defendant on a certain day sold to prosecutor intoxicating drinks, and prosecutor testified that he purchased a drink of intoxicating liquor of the defendant on that day, any error in the admission of evidence of sales to other persons on that day was rendered harmless by defendant's testimony that he sold to prosecutor and to other persons certain bitters, which the evidence showed to be intoxicating liquor.

**5 SAME.**

On a prosecution for violation of Liquor Tax Law (Laws 1897, p. 233, c. 312) § 31, by selling without a license, where the question whether certain bitters which the evidence showed defendant had sold were intoxicating liquors, testimony of a witness that he had taken three drinks of the bitters on the day in question, and was made intoxicated thereby, was admissible.

**6. SAME.**

Evidence that a witness who testified to having taken three drinks of the bitters on the day in question was in an intoxicated condition after having taken the drinks was admissible.

**7. SAME.**

Where the indictment charged the sale to persons whose names were to the grand jury unknown, a contention that it was improper to show a sale to one person was untenable.

Appeal from Schuyler County Court.

Charles Seeley was convicted of violating the liquor tax law, and he appeals. Affirmed.

Defendant was indicted by the grand jury of Schuyler county. The indictment contains three counts: First, defendant is charged with offering and exposing for sale intoxicating liquors in violation of the liquor tax law; secondly, with selling and delivering intoxicating liquors in violation of the same law; and, thirdly, with giving away and delivering intoxicating liquors in violation of said law. The first count of the indictment reads as follows:

"The grand jury of the county of Schuyler by this indictment accuses Charles Seeley of the crime of offering and exposing for sale fermented, spirituous and malt liquors, distilled and rectified spirits in violation of section 31 of the liquor tax law of the state of New York [Laws 1897, p. 233, c. 312], committed as follows:

"The said Charles Seeley, on or about the 3d day of November, 1903, and before the finding of this indictment, at a hotel commonly known as the 'Maltby House,' in Monterey, N. Y., did willfully and unlawfully offer and expose for sale distilled and rectified spirits, fermented and malt liquors, and did traffic in liquors, to wit, whisky, lager beer, stomach bitters, and hop tonic, all and each of which were intoxicating drinks and liquors described by the liquor tax law aforesaid, in quantities of less than five wine gallons at a time, to wit, liquors to be drunk on the premises were offered and exposed for sale to persons whose names to this grand jury are unknown, and cannot, therefore, now be given, the said Charles Seeley not then and there having a license to offer and expose for the sale of liquor, and the electors of the said town of Orange then and there having theretofore voted no licenses be granted for the offering and exposing for sale or selling of liquors within said town during the time when offered and exposed for sale by said Charles Seeley, and said act being contrary to the form of the statutes in such case made and provided, and against the peace of the people of the state of New York, and their dignity."

The other two counts of the indictment are in substantially similar form; the second count charging the sale and delivery of the liquors, and the third count charging the giving away and delivery of the liquors. Defendant was convicted, and from the judgment of conviction, this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Lewis E. Mosher, for appellant.
Seaman F. Northrup, Dist. Atty., for respondent.

SMITH, J. Defendant first challenges the indictment as not sufficiently stating the crime. The rule is unquestioned that, under the provisions of the Code of Criminal Procedure prescribing the form of an indictment, it must charge both the crime and the act constituting it. The omission of either is fatal. The crime is here charged as the crime of offering and exposing for sale fermented liquors and distilled and rectified spirits in violation of section 31 of the liquor tax law of the state of New York (Laws 1897, p. 233, c. 312). This we think sufficiently names the crime, within the requirements of the Criminal Code. The crime has no other name by which it is generally known, and, notwithstanding different acts may constitute a crime under said section, we think the designation is sufficiently specific, within the rule requiring the crime to be named, as well as the acts constituting the same to be stated.

It is further claimed that no crime is stated in the indictment, because the allegation is of a sale without a license, instead of a sale without having paid the tax, and having procured the certificate required by law. The allegation in the indictment is certainly not in conformity to the best pleading. The defendant, however, can in no way be misled. If, instead of the charge that the sale was without a license, the charge had been that under the statute the sale was without authority of law, such an indictment would seem to be sufficient. The certificate of payment of the tax required to be given under the present tax law is the evidence of legal authority to sell. Not only is the receipt of the tax acknowledged in such certificate, but the place where the liquor may be sold, and the period during which the liquor may be sold, are also specified therein. While the certificate issued under the liquor tax law is in many essentials materially different from the license issued under the former law, it is nevertheless in the nature of a license, the procurement of which and the posting thereof constituting permission or license to sell. The liquor tax law, so called, is not strictly a tax law. See People v. Murray, 149 N. Y. 367, 44 N. E. 146, 32 L. R. A. 344. The crime is named at the head of the indictment as a violation of section 31 of the law, and the offense is charged as a sale without license "contrary to the form of the statute in such case made and provided." Every element of the crime appears in the indictment. The informality of the allegation might have been amended at the Trial Term, and we are directed by the law to give judgment upon this appeal without regard to exceptions which do not affect the substantial rights of the parties. Code Cr. Proc. § 542. The case of Commonwealth v. Young, cited from 15 Grat. 664, is no authority for the defendant's contention here. Under the statute of Virginia under which that case was decided, liquor was in some instances sold under a license, and in some instances upon payment of a tax. The charge of a sale without a license therefore had a significance which such a form of charge cannot have in our

state, and it was upon this ground that it was held that a charge in an indictment that a sale was made without a license was not equivalent to the charge that the liquor was sold without having paid the tax therefor..

The indictment is further challenged for duplicity in charging a sale without a license, and also a sale in a town which had voted that no licenses should be granted. The allegations in the indictment, however, are clearly insufficient to charge a sale in violation of that provision of the statute that liquor may not be sold even with a license in a town where, under certain conditions, the electors had voted that no liquor should be sold. To bring the charge within that provision of the statute, facts must be alleged to show that that vote was taken after petition was duly presented and due notice given to the electors of the vote to be taken upon such question. Without a statement of these preliminary conditions, a mere allegation that liquor was sold in a town in which the electors had voted that no liquor should be sold would be held insufficient, and such allegations may be treated as surplusage in this indictment.

This case was submitted to the jury practically upon one question, "Did this defendant on the 3d day of November, 1903, sell to Joseph Huey intoxicating drinks?" Huey testified that he purchased a drink of intoxicating liquor of the defendant upon that day. Upon the trial, evidence was admitted of sales to other persons upon that day. This evidence was probably incompetent at the time when it was offered, but has been rendered harmless by the evidence of the defendant himself, not only to the effect that he sold to Huey, but also to other persons, what he called "Dewitt's Stomach Bitters." This was what Huey claimed to have purchased. The only question, then left, was the question as to whether the liquor called "Dewitt's Stomach Bitters," which the defendant admitted he had been selling to various persons upon that day, was intoxicating. Upon that question it was competent for Welchman to swear that he had taken three drinks thereof upon that day, and was made intoxicated thereby. It was competent to show that Welchman was in an intoxicated condition after having taken those drinks. It was afterwards sworn to by defendant himself that Welchman had also taken liquor from a bottle at another place. Prior to such fact appearing, however, in corroboration of Welchman's testimony that he was made drunk by the liquor which he drank at this place, it would seem to have been competent to show any act which would corroborate him, and show that he was intoxicated after having drank the liquor sold by defendant. If otherwise, the error is harmless.

Finally the defendant claims that, under the indictment charging the sale to persons whose names were to the grand jury unknown, it was proper only to show a joint sale, and not proper to show a sale to Huey alone. This contention would seem to be answered by the authority of People v. Haren, 35 Misc. Rep. 593, 72 N. Y. Supp. 205, and of People v. Satchwell, 61 App. Div. 314, 70 N. Y. Supp. 307.

Other objections are made to this judgment. In our view of the case, however, by the testimony of the defendant himself, all questions, except upon the form of the indictment, and as to the intoxicating qualities of the liquor called "Dewitt's Stomach Bitters," are eliminated from the case. Any errors bearing upon any other branch of the case have been rendered harmless by such evidence and by the course of the trial. The defendant's conviction rests upon abundant proof, and we find no sufficient ground to disturb the same.

Judgment of conviction affirmed. All concur.