## Supreme Court—Appellate Division—Third Department.

May, 1905.

## THE PEOPLE v. CHARLES SEELEY.*

(105 App. Div. 149.)

1. LIQUOR TAX LAW—INDICTMENT—SALE IN NO LICENSE TOWN.

An indictment which charges the crime of offering and exposing for sale fermented liquors and rectified spirits in violation of section 31 of the Liquor Tax Law of the State of New York (Laws of 1896, Ch. 112, as amended by Laws of 1903, Ch. 486), sufficiently names the crime within the requirements of the Code of Criminal Procedure, and the indictment is not defective because it alleges a sale without a license instead of a sale without having paid the tax and procured a certificate.

2. SAME.

An indictment is not void for duplicity in charging a sale without a license and also a sale in a town which has voted that no licenses shall be granted.

3. SAME.

Where the indictment charges that sales were made to persons whose names were to the grand jury unknown, the people may show a sale to a single person and are not confined to proof of a joint sale.

4. SAME.

Upon the question of a beverage being intoxicating it is competent for a witness to swear that upon the day in question he took three drinks of the beverage and was made intoxicated thereby.

APPEAL by the defendant, Charles Seeley, from a judgment of the County Court of Schuyler county in favor of the plaintiff, entered on the 21st day of April, 1904, upon the verdict of a jury convicting the defendant of violating the Liquor Tax Law; also from an order bearing date the 22d day of December, 1903, and entered in the office of the clerk of the county of Schuyler overruling the defendant's demurrer to the indictment, and also

* Judgment of conviction affirmed; no opinion. Concur: GRAY, BARTLETT, HAIGHT and WERNER, JJ. Dissenting: CULLEN, Ch. J., O'BRIEN and VANN, JJ. (183 N. Y. 544.)

from two orders made on the 21st day of April, 1904, denying, respectively, the defendant's respective motions for a new trial and in arrest of judgment.

Defendant was indicted by the grand jury of Schuyler county.

The indictment contains three counts: First, defendant is charged with offering and exposing for sale intoxicating liquors in violation of the Liquor Tax Law; secondly, with selling and delivering intoxicating liquors in violation of the same law, and thirdly, with giving away and delivering intoxicating liquors in violation of said law.

The first count of the indictment reads as follows: " The Grand Jury of the County of Schuyler by this indictment accuses Charles Seeley of the crime of offering and exposing for sale fermented, spirituous and malt liquors, distilled and rectified spirits in violation of section 31 of the Liquor Tax Law of the State of New York, committed as follows:

" The said Charles Seeley on or about the 3rd day of November, 1903, and before the finding of this indictment, at a hotel commonly known as the Maltby House in Monterey, N. Y., did willfully and unlawfully offer and expose for sale distilled and rectified spirits, fermented and malt liquors, and did traffic in liquors, to wit, whiskey, lager beer, stomach bitters and hop tonic, all and each of which were intoxicating drinks and liquors described by the Liquor Tax Law aforesaid, in quantities of less than five wine gallons at a time, to wit: Liquors to be drunk on the premises were offered and exposed for sale to persons whose names to this Grand Jury are unknown and cannot, therefore, now be given, the said Charles Seeley not then and there having a license to offer and expose or* for the sale of liquor, and the electors of the said Town of Orange then and there having theretofore voted that no licenses be granted for the offering and exposing for sale or selling of liquors within said town during the time when offered and exposed for sale by

---

* *Sic.*

said Charles Seeley, and said act being contrary to the form of the statutes in such case made and provided and against the peace of The People of the State of New York and their dignity." The other two counts of the indictment are in substantially similar form, the second count charging the sale and delivery of the liquors, and the third count charging the giving away and delivery of the liquors. Defendant was convicted, and from the judgment of conviction this appeal is taken.

Lewis E. Mosher, for the appellant.

Seaman F. Northrup, for the respondent.

SMITH, J.: Defendant first challenges the indictment as not sufficiently stating the crime. The rule is unquestioned that under the provisions of sections 275 and 276 of the Code of Criminal Procedure prescribing the form of an indictment it must charge both the crime and the act constituting it. The omission of either is fatal. The crime is here charged as the crime of offering and exposing for sale fermented liquors and distilled and rectified spirits in violation of section 31 of the Liquor Tax Law of the State of New York (Laws of 1896, chap. 112, as amd. by Laws of 1903, chap. 486). This, we think, sufficiently names the crime within the requirements of the Code of Criminal Procedure. The crime has no other name by which it is generally known, and, notwithstanding different acts may constitute a crime under said section, we think the designation is sufficiently specific within the rule requiring the crime to be named as well as the acts constituting the same to be stated.

It is further claimed that no crime is stated in the indictment, because the allegation is of a sale without a license instead of a sale without having paid the tax and having procured the certificate required by law. The allegation in the indictment is cer-

tainly not in conformity to the best pleading. The defendant however, can in no way be misled. If, instead of the charge that the sale was without a license, the charge had been that under the statute the sale was without authority of law, such an indictment would seem to be sufficient. The certificate of payment of the tax required to be given under the present Liquor Tax Law is the evidence of legal authority to sell. Not only is the receipt of the tax acknowledged in such certificate, but the place where the liquor may be sold and the period during which the liquor may be sold is also specified therein. (See §§ 19-21, 31, as amd. by Law of 1897, chap. 312, and Laws of 1903, chap. 486.) While the certificate issued under the Liquor Tax Law is in many essentials materially different from the license issued under the former law, it is, nevertheless, in the nature of a license, the procurement of which and the posting thereof constituting permission or license to sell. The Liquor Tax Law, so called, is not strictly a tax law. (See People ex rel. Einsfeld v. Murray, 149 N. Y. 367.) The crime is named at the head of the indictment as a violation of section 31 of the Liquor Tax Law, and the offense is charged as a sale without license, " contrary to the form of the statutes in such case made and provided." Every element of the crime appears in the indictment. The informality of the allegation might have been amended at the Trial Term, and we are directed by the law to give judgment upon this appeal without regard to exceptions which do not affect the substantial rights of the parties. (Code Crim. Proc. § 542.) The case of Commonwealth v. Young (15 Gratt. 664) is no authority for the defendant's contention here. Under the statute of Virginia, under which the case was decided, liquor was in some instances sold under a license and in some instances upon payment of a tax. The charge of a sale without a license, therefore, had a significance which such a form of charge cannot have in our State, and it was upon this ground that it was held that a charge in an indictment that a sale

was made without a license was not equivalent to the charge that the liquor was sold without having paid the tax therefor.

The indictment is further challenged for duplicity in charging a sale without a license, and also a sale in a town which had voted that no licenses should be granted. The allegations in the indictment, however, are clearly insufficient to charge a sale in violation of that provision of the statute that liquor may not be sold even with a license in a town where, under certain conditions, the electors had voted that no liquor should be sold. To bring the charge within that provision of the statute facts must be alleged to show that that vote was taken after petition was duly presented and due notice given to the electors of the vote to be taken upon such question. Without a statement of these preliminary conditions a mere allegation that liquor was sold in a town in which the electors had voted that no liquor should be sold would be held insufficient, and such allegations may be treated as surplusage in this indictment.

This case was submitted to the jury practically upon one question, " Did this defendant on the 3rd day of November, 1903, sell to Joseph Huey . . . intoxicating drinks ?" Huey testified that he purchased a drink of intoxicating liquor of the defendant upon that day. Upon the trial evidence was admitted of sales to other persons upon that day. This evidence was probably incompetent at the time when it was offered, but has been rendered harmless by the evidence of the defendant himself not only to the effect that he sold to Huey, but also to other persons, what he called Dewitt's Stomach Bitters. This was what Huey claimed to have purchased. The only question, then, left was the question as to whether the liquor called Dewitt's Stomach Bitters, which the defendant admitted he had been selling to various persons upon that day, was intoxicating. Upon that question it was competent for Welchman to swear that he had taken three drinks thereof upon that day and was made intoxicated thereby. It was competent to show that

Welchman was in an intoxicated condition after having taken those drinks. It was afterwards sworn to by defendant himself that Welchman had also taken liquor from a bottle at another place. Prior to such fact appearing, however, in corroboration of Welchman's testimony that he was made drunk by the liquor which he drank at this place, it would seem to have been competent to show any act which would show that he was intoxicated after having drunk the liquor sold by defendant. If otherwise the error is harmless.

Finally, the defendant claims that under the indictment charging the sale to persons whose names were to the grand jury unknown, it was proper only to show a joint sale and not proper to show a sale to Huey alone. This contention would seem to be answered by the authority of People v. Haren (35 Misc. Rep. 593) and of People v. Satchwell (61 App. Div. 314; 15 N. Y. Crim. 450).

Other objections are made to this judgment. In our view of the case, however, by the testimony of the defendant himself, all questions, except upon the form of the indictment and as to the intoxicating qualities of the liquor called Dewitt's Stomach Bitters, are eliminated from the case. Any errors bearing upon any other branch of the case have been rendered harmless by such evidence and by the course of the trial. The defendant's conviction rests upon abundant proof, and we find no sufficient ground to disturb the same.

Judgment of conviction unanimously affirmed.