(110 App. Div. 613.)

### PEOPLE v. HUGGINS.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. CRIMINAL LAW—PLEADINGS—HARMLESS ERROR.

Pen. Code, § 528, defining larceny, provides that a person guilty of the acts stated therein steals the property, and is guilty of larceny. Section 529 provides that a person willfully obtaining money from another by a fraudulent draft or check is guilty of stealing the same, and is punishable accordingly. *Held*, that while it might have been better practice to have charged the offense of defendant as larceny, he was not prejudiced by the information, the deposition of complainant, and the warrant thereon charging defendant with obtaining money by means of a fraudulent check (the deposition also charging violation of section 529), and the prosecution of the charge as larceny.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, § 3101.]

2. SAME—JURISDICTION OF COURT OF SPECIAL SESSIONS.

The Court of Special Sessions, under Code Cr. Proc. § 56, giving it jurisdiction of a prosecution for petit larceny, has cognizance of the offense of obtaining money by a fraudulent draft, which Pen. Code, § 529, declares punishable in the same manner as larceny.

3. FALSE PRETENSES—OBTAINING MONEY BY FRAUDULENT CHECK.

One is guilty of obtaining money by a fraudulent check in violation of Pen. Code, § 529, where he leads one to believe that he has the check ready to hand over when he receives the money, though as soon as he receives the money he leaves, saying he will return at once and hand over the check, and does not return, and does not hand over the check till several days later, when he is seen, and it is demanded of him.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. False Pretenses, §§ 11, 12.]

Appeal from Delaware County Court.

William T. Huggins was convicted of violation of Pen. Code, § 529, and appeals. Affirmed.

The information charged the defendant with committing the crime of obtaining the sum of $15 by means of a fraudulent check or draft, by feloniously, wrongfully, unlawfully, willfully, corruptly, falsely, maliciously, and knowingly representing the check or draft as good, when he had no funds in the bank to pay the same. The deposition of the complainant recites the facts, and charges the defendant with knowingly and unlawfully violating section 529 of the Penal Code, in that he unlawfully obtained from him by means of a false check (describing it) the sum of $15. The warrant issued upon this information and deposition charged the defendant with the crime of obtaining the money by fraudulent draft or check. The defendant was arraigned, plead not guilty, had a jury trial, and was convicted. The record of conviction recites the defendant as charged with the crime of obtaining money under false pretenses, in violation of section 529 of the Penal Code, and adjudged that the defendant be imprisoned 30 days in the county jail, and pay a fine of $25. The evidence showed that on December 3, 1904, the defendant asked the complainant to cash a check for him, saying that Peter Mitchell had refused to accept the check, and he had some trouble with him, and that he had plenty of money in the bank and the check was good. The complainant obtained for him a check of $25, and the defendant took it, and said that Mitchell was waiting for him, and as soon as he could hand the money to Mitchell he would return and hand the complainant the check. He did not return, and was not seen until the 5th of December, when complainant demanded the check, and he gave the complainant $10, but said he had not his check book with him and would give him the check the next morning. The next morning he gave the complainant his check for $15, and stated that the check was good, and that he had plenty of money in the bank.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

C. R. O'Connor, for appellant.

Alexander Neish, for the People.

JOHN M. KELLOGG, J. The appellant contends that there is no such crime as obtaining money by fraudulent draft or by false representations; that even if there is such a crime it is not one of the offenses of which, by section 56 of the Code of Criminal Procedure, a Court of Special Sessions has jurisdiction, and that, therefore, the conviction is void, and cites People v. Jeffery, 14 N. Y. Supp. 837. The provisions of the Code are not quite clear upon this subject, but when carefully considered, in view of the provisions of section 684 of the Code of Criminal Procedure, which provides:

"Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceedings, nor an error or mistake therein, renders it invalid, unless it have actually prejudiced the defendant, or tend to his prejudice in respect to a substantial right."

And section 11 of the Penal Code, which provides:

"The rule that a penal statute is to be strictly construed does not apply to this Code or any of the provisions thereof, but all such provisions must be construed according to the fair import of their terms, to promote justice and effect the objects of the law."

—It will be seen that the conviction is fairly within the provisions of the statutes, and should be sustained. Section 528 of the Penal Code defines the crime of larceny, and in its terms is probably broad enough

to cover the offense of the defendant. Section 529 of the Code has the caption, "Obtaining money or property by fraudulent draft," and provides that a party so doing is "guilty of stealing the same, and punishable accordingly." Section 528 provides that the persons guilty of the acts stated therein steals (such property) and is guilty of larceny. It is not strictly accurate, therefore, to say that the Penal Code does not recognize the obtaining of money by fraudulent draft as a crime. It does not say in so many words that such act is larceny, but brands it as stealing. And when it says it shall be punished accordingly, it fairly refers back to the preceding section which declares that where a person obtains property by means therein mentioned, such person steals the property, and is guity of larceny. It is not therefore a radical departure from the Penal Code to describe the acts of the defendant in this case as obtaining money by a fraudulent draft. Neither is it a departure to prosecute him in the same manner that he would be prosecuted if the crime, strictly speaking, were larceny. The Jeffery Case does not refer in any manner to section 529 of the Penal Code. That case arose upon a motion to dismiss an indictment charging false representations, and it was held that the acts complained of were defined by section 528 of the Penal Code as larceny. Here the act done by the defendant is made a crime under another section, the caption of which is, "Obtaining money or property by fraudulent draft," and when a deposition upon which a warrant is issued refers to that section, the defendant has ample and precise information as to just what the particular offense charged against him is, and has more accurate information than if the crime was defined to be larceny. The Jeffery Case is therefore not an authority for the defendant in this case. And while it might have been better practice to declare the crime in this case as larceny, the defendant is not prejudiced by a reference to the section; the describing the act as obtaining money by fraudulent draft, and a prosecution of the charge as larceny. It is punishable in the same manner as larceny, and when the crime of petit larceny is made punishable by a Court of Special Sessions that court clearly has cognizance of the offense here charged. Where the indictment charged the offense as selling liquor without a license, instead of selling without having paid the tax, and having the certificate therefor, the conviction was sustained by this court. People v. Seeley, 93 N. Y. Supp. 982. After the defendant has appeared, plead not guilty, had a trial before a jury, and been convicted, it is too late for him to raise a formal objection to the complaint or the warrant. People v. Shaver, 37 App. Div. 21, 55 N. Y. Supp. 701. There never was in this case any intent to give the defendant credit for the $25. He led the complainant to believe that he had the check with him ready to hand over, and the fact that as soon as he received the money or check from the complainant he left, saying he would return at once and hand over the check, and then absented himself for several days, does not amount to an extension of credit, and when he later handed over the check, it has the same force and effect as though it had been handed over at the time he agreed to and the complainant supposed he was to hand it over. The whole transaction was one act, and the whole act constituted the crime charged.

·A careful examination. of the rulings complained of by the defendant shows that no error was committed to his prejudice which calls for a reversal of the conviction. The crime was sufficiently charged and sufficiently proven, and the description of the crime, under the circumstances shown, is sufficient to sustain the judgment.

The judgment of the County Court is therefore affirmed. All concur.