### PEOPLE v. McDONNELL.

(Steuben County Court.    February 1, 1908.)

**1. INTOXICATING LIQUORS—LIQUOR TAX LAW—VIOLATION—INDICTMENT—SUFFI-CIENCY.**

An indictment sufficiently complies with Code Cr. Proc. § 275, requiring indictments to plainly and concisely state the act constituting the crime, without unnecessary repetition, where it accuses defendant of "a misdemeanor, to wit, a violation of" Laws 1896, p. 73, c. 112, § 31 (giving the title of the act and designating it as "chapter 29 of the General Laws, called the 'Liquor Tax Law'"), and supplementary and amendatory acts, committed by defendant on a specified day at a specified town by willfully and unlawfully offering and exposing for sale, etc., fermented and malt liquors in quantities of less than five gallons at a time, to be drunk on the premises, on Sunday, to a specified person not a guest of defendant's hotel, contrary to the form of the statute, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, § 219.]

**2. SAME—DESCRIPTION OF LIQUOR.**

Under Liquor Tax Law, Laws 1896, p. 47, c. 112, § 2, defining liquors as including fermented and malt liquors, an indictment for violating the act charging a sale, etc., of "fermented and malt liquors," sufficiently describes the liquor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, §§ 230–233.]

**8. SAME—DESIGNATION OF QUANTITY SOLD.**

Under Liquor Tax Law, Laws 1896, p. 47, c. 112, § 2, defining traffic in liquors within the act as being a sale of liquors of less than five wine gallons, an indictment for violating the act, charging a sale, etc., of fer-

mented and malt liquors in quantities of less than five gallons at a time, sufficiently states the quantity sold, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, §§ 234, 235.]

4. SAME—NATURE OF OFFENSE.

An indictment charging that defendant unlawfully sold, etc., intoxicants to be drunk on the premises on Sunday to one not a guest of defendant's hotel, alleges an unlawful sale, etc., of intoxicants, and not a failure to comply with legal requirements respecting hotels.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, § 224.]

5. SAME—TIME.

Under Liquor Tax Law, Laws 1896, p. 73, c. 112, § 31, making it unlawful for hotel keepers to sell intoxicants in certain quantities on Sunday to those not their guests, an indictment for such a sale need not state the time of day it was made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, § 228.]

6. INDICTMENT—JOINDER OF COUNTS—SAME OFFENSE.

An indictment charging in one count a violation of Liquor Tax Law, Laws 1896, p. 73, c. 112, § 31, by unlawfully offering to sell intoxicants on Sunday to one not a guest at defendant's hotel, charging in another count an unlawful sale to, and in a third count an unlawful giving of intoxicants to, the same person on the same day, is not objectionable as charging more than one offense, but is sufficient, under Code Cr. Proc. §§ 278, 279, providing that an indictment shall charge but one crime, but that a crime may be charged in separate counts to have been committed in a different manner or by different means, and that, where the acts complained of may constitute different crimes, such crimes may be charged in separate counts; the indictment apparently being intended to charge one transaction in different ways to meet the proof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and Information, §§ 403, 412.]

Miles McDonnell demurs to an indictment for unlawfully selling liquors on Sunday. Demurrer disallowed, and defendant permitted to plead to indictment.

Demurrer to an indictment found by the grand jury of Steuben county, charging a violation of the liquor tax law by selling liquors on Sunday. The indictment contains three counts. The first count reads as follows: "The grand jury of the county of Steuben by this indictment accuse Miles McDonnell of the crime of a misdemeanor, to wit, a violation of section 31 of chapter 112 of the Laws of 1896 of the state of New York, entitled 'An act in relation to the traffic in liquors, and for the taxation and regulation of the same, and to provide for local option, constituting chapter 29 of the General Laws,' called the 'Liquor Tax Law,' and the several acts supplemental thereto and amendatory thereof, committed as follows: The said Miles McDonnell, on the 24th day of June, 1906, at the town of Bath, in the county of Steuben, willfully and unlawfully did offer and expose for sale fermented and malt liquors in quantities of less than five gallons at a time, to be drunk on the premises, on the first day of the week, commonly called Sunday, to Henry L. Wooster, said Henry L. Wooster not being a guest of a hotel then and there kept by the said Miles McDonnell, contrary to the form of the statute in such case made and provided, and against the peace of the people of the state of New York and their dignity." The second count is in all respects the same as the first, except that it alleges a sale and delivery; and the third count is the same as the first and second, except it alleges a giving away of liquors. The first ground of the demurrer is that the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure, in that it does not state the kind or quantity of liquor alleged to have been exposed, sold, or given away. and it does not state whether the crime was committed by

such alleged offer, sale, or gift, or by failing to comply with the requirements of the law as to a hotel, or by said Wooster not being a guest within the definitions laid down in said law, and that the indictment does not state the particular time of day of the occurrence, when the same is material; second, that more than one crime is charged within the meaning of sections 278 and 279 of the Criminal Code, to wit, three separate and distinct crimes under said liquor tax law, each committed in a different manner and on a different occasion, and that in each count more than one offer, sale, or gift is alleged; third, that the facts stated do not constitute a crime.

Edwin C. Smith, Dist. Atty., for the People.

James McCall and Monroe Wheeler, for defendant.

BURRELL, J. As to the first ground of the demurrer, the indictment contains the title of the action, in the proper court, and the names of the parties, as well as a plain and concise statement of the crime charged and the act constituting the crime, without unnecessary repetition, as required by section 275 of the Code of Criminal Procedure, and conforms strictly to section 276. In fact, it is difficult to see how it could more plainly or concisely state the crime and the acts constituting it than does this indictment, thus challenged. People v. Seely, 105 App. Div. 149, 93 N. Y. Supp. 982; 3 Liquor Tax Law Reports, 566. As to the kind of liquor so exposed, sold, or given away, the indictment alleges a sale or exposing or giving away of "fermented and malt liquors." That allegation is exactly in the language of the definition of liquor, as defined by section 2 of the liquor tax law. As to the quantity alleged to have been exposed, sold, or offered, or given away, the amount stated in the indictment is squarely within section 2 of the liquor tax law, which reads as follows:

"Trafficking in liquors within the meaning of this act is a sale of less than five wine gallons of liquor," etc.

The indictment also states plainly, by appropriate counts, that this violation was by a sale, or offering and exposing for sale, or giving away liquors to a man, whose name is given, who was not a guest of the hotel kept by the defendant, and that this occurred on the first day of the week, called Sunday, and the exact date is given. The allegation in the indictment is, not that the defendant failed to comply with the requirements of law as to the hotel proper, but that he failed in the requirements of serving liquors in that hotel to a man to whom by law he as a hotel keeper had no right to sell, or offer, or expose for sale, or give away liquor. As to the time of day the sale was made, it makes no difference whatever. He had no right to serve this or any other man at any hour of this day, unless he came within the provisions of this law as a guest in the hotel of this defendant; and, the indictment plainly charging this sale or exposing or giving away on Sunday to a man not a guest, the time of day of the occurrence is plainly immaterial, and need not be stated.

As to the second ground urged by the defendant's counsel, that more than one crime is charged, we have this to say: It is very plain that the grand jury intended to charge but one crime in the indictment, as all three counts charge the crime to have been committed on the same day and with the same person, whose name is

given, in three different ways: (1) By exposing for sale; (2) by a sale and delivery; and (3) by giving away of the same liquor, to the same person. People v. Brede, 1 Liquor Tax Law Reports, 174. In a similar case the court there says:

"This form of pleading is permissible. Code Cr. Proc. § 279. The indictment is drawn so as to meet the evidence as it may be brought out on the trial, and if it should appear that the transaction was an offering or exposing for sale the first count would be appropriate; if it amounts to a sale and delivery, the people will stand upon the second count; and if it should appear to be the giving away of liquor, the third count will suffice. * * * The pleading is undoubtedly proper, if it refer to the same transaction." People v. Charbineau, 115 N. Y. 433, 22 N. E. 271; People v. Wilson, 151 N. Y. 403, 45 N. E. 862; People v. Brede, supra.

In People v. Brede, supra, the court further says:

"But the indictment is not demurrable for the misjoinder of two distinct offenses, unless it appears on the face thereof * * * that more kind is charged in the indictment. Code Cr. Proc. 323. It does not appear upon the face of the indictment that different persons are referred to, and the fact that the indictment fails to state affirmatively that the unknown person in one count is the same person referred to in the other counts does not make the indictments demurrable. If any presumptions are to be indulged in, we must assume that the same person was intended to be referred to, rather than a different person"—citing People v. Adams, 17 Wend. 475.

Indeed, the indictment before us is stronger than the indictments above mentioned in the Brede Case; for there the name of the person to whom the exposing or selling or giving away was unknown to the grand jury, and here in the case at bar the name is not only known, but given, and the same name is stated in each of the three counts, thus showing that the person mentioned in the first count is the same person referred to in the other two counts, and that it was simply one transaction, charged in different ways, with a view of meeting the proof on the trial, and which has been permissible pleading for many years. People v. Haren, 2 Liquor Tax Law Reports, 556.

As to the third ground, that the facts stated do not constitute a crime, there would seem to be no force in that objection, and it has practically been disposed of by the foregoing. It plainly and concisely states facts which, if proven, under either of the counts, would be a violation of the provisions of the liquor tax law. Section 285 of the Code of Criminal Procedure reads as follows:

"No indictment is insufficient nor can the trial, judgment, or other proceeding thereon be affected by reason of an imperfection in matter of form, which does not tend to prejudice of the substantial rights of the defendant upon the merits."

There is nothing in this indictment whereby the defendant could be misled or his rights prejudiced in any manner. It charges him squarely with the commission of a misdemeanor, and the acts which constitute the same—the time, the place, and the name of the person to whom the liquor was exposed, sold, or given. It gives him all the information necessary to enable him to meet the same on a trial and to prepare his defense.

The demurrer must therefore be disallowed, and the defendant permitted to plead to the indictment.

Ordered accordingly.