(59 Misc. Rep. 369.)

PEOPLE ex rel. BERNARD v. McKEE, Special Deputy Excise Com'r, et al.

(Supreme Court, Special Term, New York County, May, 1908.)

INTOXICATING LIQUORS—CANCELLATION OF CERTIFICATE—POLICE POWERS.

Liquor Tax Law (Laws 1896, p. 60, c. 112) § 17, subd. 8, as amended by Laws 1908, p. 414, c. 144, providing that where a certificate had been canceled because the premises have become disorderly, or because gambling has been permitted thereon, no certificate shall be issued for said premises to any person for one year from the order of cancellation, is a lawful exercise of the police power of the state.

Application by the people, on the relation of George Bernard, against Moses M. McKee, special deputy commissioner of excise, and Maynard N. Clement, state commissioner of excise. Writ dismissed.

Order affirmed 128 App. Div. 954, 111 N. Y. Supp. 1135.

Julius M. Mayer, for relator.
Herbert H. Kellogg, for respondents.

DOWLING, J. The question involved in this application is that of the constitutionality of the amendment to section 17, subd. 8, of the liquor tax law (Laws 1896, p. 60, c. 112), being chapter 144, p. 414,

Laws of 1908, and taking effect April 21, 1908. The premises in question were formerly occupied by Cail Leron, who trafficked in liquors therein under a certificate duly issued to him. On November 1, 1907, such certificate was duly revoked on the ground that the premises had been suffered and permitted to be disorderly. On November 2, 1907, George Bernard, the petitioner, took possession of said premises and obtained a new certificate therefor, and since that date has been trafficking in liquors therein.

It must be assumed that he was a holder of the certificate in good faith, and had no connection with the acts of the former proprietor. The state has commenced no proceedings to annul or terminate his certificate. At the time of the issuance of the license to him there was no provision of law forbidding the issuance of a certificate for premises wherein acts had been committed justifying a revocation. The amendment in question provides that, where a cancellation or forfeiture of a certificate has been had by reason of suffering the premises to become disorderly, or permitting gambling therein, no new certificate shall be issued for said premises to any person for the period of one year from the entry of the final order of cancellation. It will be noticed that this virtually creates a new principle of punishment for violation of certain kinds. The penalty is no longer a deprivation of the right to a certificate on the part of the certificate holder and his agents, servants, employés, representatives, or members of his family, but the denial of the right to traffic in liquors in specified premises. From a penalty in personam it has virtually become one in rem. That the ultimate result of this provision may be good seems not unreasonable to hope, as it should make landlords more careful of the character and antecedents of the tenants to whom they lease premises for trafficking in liquors. That it may, in certain cases, impose a grievous hardship on owners of property, is also probable.

But I am of the opinion that the provision is constitutional. It will be noted that the provision applies to the issue of new certificates. It does not purport to authorize the cancellation of an existing certificate. No certificate holder has a vested right to the renewal of his certificate. The Legislature may at any time prescribe, for the future, more onerous regulations for the conduct of the liquor traffic, or may inhibit it entirely. The certificate is a temporary license for a limited period, and gives no rights in perpetuity. The regulation of the liquor traffic is an exercise of the police power of the state. So long as that power is exercised fairly, reasonably, and uniformly, no question can be successfully raised as to its being properly exercised. Nor does the fact that the applicant has already received a certificate give him any additional rights over an original applicant. Matter of Clement v. Van Etten, 57 Misc. Rep. 47, 107 N. Y. Supp. 205; Matter of Clement v. Brady, 54 Misc. Rep. 352, 105 N. Y. Supp. 1054; Matter of Clement v. Cusick, 125 App. Div. 676, 110 N. Y. Supp. 57.

The provision is constitutional, and a lawful exercise of the police power of the state. The special deputy commissioner was, therefore,

justified in refusing to issue the new certificate. The writ is dismissed, with costs.

Writ dismissed, with costs.