(141 App. Div. 139.)

### In re CLEMENT, State Excise Com'r.

(Supreme Court, Appellate Division, Second Department. November 23, 1910.)

INTOXICATING LIQUORS (§ 106*)—LICENSES—REVOCATION—GROUNDS—VIOLATION OF LAW—DISORDERLY PLACE.

Where on three different occasions defendant permitted lewd women to gather in a room in the rear of his bar, and there indecently expose their persons and solicit men, defendant's waiter acting in conjunction with the women, this constituted the premises a disorderly place, justifying a revocation of defendant's liquor tax certificate.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 115; Dec. Dig. § 106.*]

Jenks, J., dissenting.

---

Appeal from Special Term.

Petition by Maynard N. Clement, as State Commissioner of Excise, for an order revoking liquor tax certificate No. 9,672, issued to Albert Siems. From an order revoking the certificate, Siems appeals. Affirmed.

Argued· before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and RICH, JJ.

Jerry A. Wernberg (Jacob Brenner, on the brief), for appellant.

Herbert H. Kellogg (Robert S. Conklin, on the brief), for respondent.

WOODWARD, J. The evidence of the special agents of the excise department, who are in no sense interested witnesses, clearly establishes that on the 24th day of February, the 5th day of March, and the 17th day of March, 1910, the premises at 26 Myrtle avenue, borough of Brooklyn, were occupied by the appellant under liquor tax certificate No. 9,672; that in a room just in the rear of the barroom, and connected therewith by a door, tables were provided for drinking, and that the special agents, visiting this room in the performance of their duties, were approached by lewd women and solicited to go with them to a neighboring hotel for immoral purposes; that these women approached the special agents immediately upon entering the place; that they joined with the witnesses in drinking; that they made vulgar and indecent exposures of their persons to the witnesses, the waiter joining in the drinking and in exposing the persons of these women, and assuring the witnesses that these women would "give them a good time." The saloon is not a large one, the evidence is that one waiter only was employed, and the transactions above mentioned took place after midnight, and the drinking in each instance was protracted until after 1 o'clock; drinks being served after that hour.

This is certainly not an orderly condition. It is not such a condition as the holder of a liquor tax certificate covenants with the state to preserve as a condition of retaining his license. One isolated case might not be sufficient to establish the existence of a disorderly place. Such a thing might occur once in even the best-regulated places; but here were three occasions, about two weeks apart, the witnesses being different men in each instance, and practically the same thing occurred on each occasion, the appellant's waiter acting in conjunction with the women, and participating in the lascivious exhibitions. To question that this constituted the premises a disorderly place would be to affront intelligence and the instincts of common decency, and we fully concur in the conclusion reached by the learned court at Special Term.

We are unable to discover in chapters 144 and 350 of the Laws of 1908 any violation of any of the defendant's constitutional rights. The case of People ex rel. Bernard v. McKee, 59 Misc. Rep. 369, 112 N. Y. Supp. 385, affirmed 126 App. Div. 954, 111 N. Y. Supp. 1135, seems to have properly disposed of this question.

The order appealed from should be affirmed, with costs. All concur except JENKS, J., who dissents.