INGRAHAM, P. J., concurs.

———

## In re NYCE.

(Supreme Court, Special Term, Orange County. December 20, 1912.)

1. CONSTITUTIONAL LAW (§ 278*)—INTOXICATING LIQUORS (§ 23*)—CONSTITUTIONALITY OF ACTS—LICENSING AND REGULATION.
    Liquor Tax Law (Laws 1911, c. 298) § 8, subd. 9, under which a tenant holding a liquor tax certificate may abandon the right to use the premises for saloon purposes without the consent of or notice to the owner, does

not deprive the owner of her property without due process of law, even though such property was used for liquor purposes and duly licensed prior to 1896, since the right to use property for liquor purposes because of such use prior to 1896 is a right given by the legislative power of the state, and can be taken away by the same power.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 763, 765, 767–770, 772–777, 779–806, 808–810, 816–824, 907–924, 942; Dec. Dig. § 278;* Intoxicating Liquors, Cent. Dig. § 29; Dec. Dig. § 23.*]

2. INTOXICATING LIQUORS (§ 6*)—POWER TO CONTROL TRAFFIC.

The state, in the exercise of its police powers, may absolutely prohibit the sale of intoxicating liquors, or impose any limitation or restriction on the use of property for that purpose, if such exercise of the police power is reasonable, and affects alike all persons of the same class.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 4; Dec. Dig. § 6.*]

3. CONSTITUTIONAL LAW (§ 240*)—CONSTITUTIONALITY OF ACTS—LICENSING AND REGULATION.

Liquor Tax Law (Laws 1911, c. 298) § 8, subd. 9, providing that in the case of a hotel, other than a hotel containing less than 50 bedrooms, in cities of the first class, the notice of abandonment of premises for liquor purposes shall be executed and acknowledged by the certificate holder, the owner or owners of the premises, and the assignee of the certificate, and in all other cases by the certificate holder or his attorney and any assignee of the certificate, does not make an unlawful discrimination between the owners of property used for different purposes.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 688, 692, 693, 697–699; Dec. Dig. § 240.*]

Application by Mary M. Nyce for a writ of certiorari to review the action of Robert Johnson, County Treasurer of Orange County, in refusing to issue to relator a liquor tax certificate. Writ denied.

Frank Lybolt, of Port Jervis, for relator.

A. M. Sperry, of Albany, for respondents County Treasurer and State Excise Com'r.

TOMPKINS, J. This is an application by Mary M. Nyce, the owner of real property in the city of Port Jervis, for a writ of certiorari, under the Liquor Tax Law, to review the action of the county treasurer of Orange county in refusing to issue to the relator a liquor tax certificate for her premises, known as No. 9 New Jersey avenue, Port Jervis, N. Y. The county treasurer refused to issue the certificate asked for, upon the ground that the right to traffic in liquors in the relator's said premises had been abandoned on the 1st day of April, 1912, by the then tenant of said premises, who held a saloon license under subdivision 1 of the Liquor Tax Law.

[1] It is admitted that the number of certificates now in force in the city of Port Jervis in relation to the population is largely in excess of one certificate for 750 inhabitants of said city. The question presented upon this application is as to the constitutionality of that portion of subdivision 9 of section 8 of the Liquor Tax Law (Laws 1911, c. 298) which provides as follows:

"In the case of a hotel other than a hotel containing less than fifty such bedrooms in cities of the first class, such notice shall be in writing and executed and acknowledged by the certificate holder and the owner or owners

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the certificated premises and by any person to whom such certificate may have been transferred or assigned as collateral security for moneys loaned or any other obligation incurred; and in all other cases such notice shall be in writing and executed and acknowledged by the certificate holder or by his duly authorized attorney, and by any person to whom such certificate may have been transferred or assigned as collateral security for moneys loaned or any other obligation incurred."

The relator's property was used for liquor purposes and was duly licensed prior to 1896; and her claim is that the right to use the premises for that purpose is a property right which attaches to her premises, and cannot be taken away from her without due process of law, and that the provision of the law above quoted, which gives the tenant, without the consent of or notice to the owner, the power to abandon the premises for liquor purposes, is unconstitutional. Whatever right the relator had to use her premises for the liquor traffic was given by the legislative power of the state, and that same power can take it away. When the owner of real property rents it for saloon purposes, he knows, or is presumed to know, that under the liquor tax law the tenant and holder of the liquor tax certificate may at any time abandon it under subdivision 9 of section 8. The attribute that attached to the relator's property by reason of its having been used for liquor purposes prior to 1896 was subject to limitations and conditions; i. e., the right of the state to regulate it or take it away entirely.

[2] Because of its influence and effect upon the morals and health of the people, the state, in the exercise of its police powers, may absolutely prohibit the sale of intoxicating liquors. A constitutional amendment is not necessary, as some suppose, to accomplish that end. The right to traffic in liquors is not incident to property, or a vested right in the nature of property, and the state may not only regulate it, but may stop it completely, and it must follow that the state has power to impose any limitation or restriction upon the use of property for that purpose, and may subject the owner to the risk of losing the right to use his property for that purpose by the act or neglect of his teant. Of course, any such exercise of the police power must be reasonable, and affect all persons of the same class substantially alike.

[3] I have not overlooked the claim of the relator that the provision of subdivision 9 of section 8 makes unjust discrimination between the owners of property used for hotel and saloon purposes. I have considered that question, and reached the conclusion that the discrimination is not unreasonable or unjust. Subdivision 9 of section 8 affects all premises alike, except hotels in cities of the first class, containing 50 or more bedrooms, and under the decisions seems to be within the power of the Legislature—citing Hering v. Clement, 196 N. Y. 218, 89 N. E. 450; People ex rel. Bernard v. McKee, 59 Misc. Rep. 369, 112 N. Y. Supp. 385; In re Clement, 141 App. Div. 139, 126 N. Y. Supp. 227; People ex rel. Einsfeld v. Murray, 149 N. Y. 367, 44 N. E. 146, 32 L. R. A. 344; Matter of Lyman, 59 App. Div. 217, 69 N. Y. Supp. 309; People v. Seeley, 105 App. Div. 149, 93 N. Y. Supp. 982.

Application denied.