## SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

### May 7, 1919.

## THE PEOPLE v. SYLVESTER CASHDOLLAR.

### (188 App. Div. 9)

(1.) LIQUOR TAX LAW*—SALE OF LIQUOR IN NO-LICENSE TOWN—SUFFICIENCY OF INDICTMENT—EVIDENCE.

An indictment for the crime of selling ''liquors'' in a no-license town in violation of the provisions of the Liquor Tax Law is not insufficient for a failure to specify that the ''liquors'' sold were intoxicating, it being alleged that lager beer was sold and the testimony being sufficient to prove such sales.

(2.) SAME.

Nor is such an indictment insufficient for failure to specify the facts which made the town a no-license town where it ·was charged that a liquor tax certificate was prohibited in said town as a result of a vote upon questions 1, 2, and 4 submitted under section 13 of the Liquor Tax Law and that the sales were not made as provided in subdivision 3 of section 8 of said law and were not in accordance with the result of a vote in said town upon question 3 submitted under said section 13, especially where there was ample proof that the issuance of a liquor tax certificate was prohibited in said town as a result of a vote of the electors.

APPEAL by the defendant, Sylvester Cashdollar, from a judgment of the County Court of Ulster county, rendered against him on the 17th day of April, 1918, convicting him of violating the Liquor Tax Law, and also from an order denying his motion to set aside the verdict and for a new trial, and also from an order denying his motion to dismiss the indictment.

---

* See note, Vol. 19, p. 41.

*Frank W. Brooks,* for the appellant.

*Frederick G. Traver (J. De Puy Hasbrouck* with him on the brief), for the respondent.

H. T. KELLOGG, J.:

The defendant was indicted for the crime of selling liquor in a no-license town in violation of the provisions of the Liquor Tax Law. The indictment charged that the appellant " did sell, in quantities of less than two wine gallons, certain liquors, to-wit: two gills of lager beer to one Arthur S. Van Zandt, and certain other liquors, to-wit — two gills of lager beer to one Timothy F. Leonard, and certain other liquors, to-wit, two gills of lager beer to the said Timothy F. Leonard; " that the sales were made on a day certain, in the town of Lloyd in the county of Ulster, such town " being then and there a town in which a liquor tax certificate is, and was, then and there prohibited as the result of a vote upon questions one, two and four, submitted under section thirteen of the Liquor Tax Law; " that the sales were " not as provided in subdivision three of section eight of the Liquor Tax Law, and not in accordance with the result of a vote in said town upon question three, submitted under said section thirteen; " that the sales were a violation of the Liquor Tax Law and the laws of the State of New York.

The indictment is criticised for its failure to specify that the liquors sold were intoxicating. The Liquor Tax Law does not employ the phrase " intoxicating liquors." Its prohibitions and its permissions relate to " liquors " without any limiting adjectives. " Liquors " are defined by it to mean " all distilled or rectified spirits, wine, fermented and malt liquors." (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], § 2, as amd. by Laws of 1910, chap. 485.) That lager beer is a " fermented and malt " liquor is judicially known. (People ex rel. Lanci v.

O'Reilly, 129 App. Div. 522.) The indictment was, therefore, sufficient in merely alleging, as the testimony was sufficient in merely proving, sales of lager beer. (People v. Cox, 106 App. Div. 299, 19 N. Y. Crim. 481; Clement v. Dwight, 137 id. 389; People v. Palluch, 182 id. 603, 36 N. Y. Crim. 371; People v. Schwartz, 183 id. 367, 36 N. Y. Crim. 536.)

The indictment is also criticised for its failure to specify the facts which made the town of Lloyd a no-license town. The Liquor Tax Law provides that it shall be unlawful " to sell liquor in any quantity in a town in which a liquor tax certificate is prohibited as the result of a vote upon questions one, two and four submitted under section thirteen of this chapter." (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], § 30, subd. J, as amd. by Laws of 1910, chaps. 485, 494.) The facts which are thus made an offense are the precise facts charged by the indictment. It is true that in People v. Seeley (105 App. Div. 149) the court did say: " To bring the charge within that provision of the statute facts must be alleged to show that that vote was taken after petition was duly presented and due notice given to the electors of the vote to be taken upon such question." These remarks were *obiter dicta* for the indictment in other respects was held sufficient, and a conviction thereunder was sustained. A petition no more makes an excise election valid than a multitude of other facts. A petition must be signed by ten per cent of the voters; the voters must be qualified electors; the petition must be acknowledged; the petition must be on file with the town clerk twenty days; a certified copy thereof must be filed with the board of elections; ten days' notice of the election must be printed and posted; five days' notice of the election must be published, and endless formalities in reference to balloting, canvassing votes and filing returns must be observed. All of these are evidentiary facts, and need not be alleged in an indictment. Just as surely is the filing of a petition

an evidentiary fact. The ultimate fact, necessary to be asserted, is the vote against license. It is no more an assertion of a conclusion to allege that a certificate is prohibited in a certain town as the result of a vote, than it is to say that it is prohibited as a result of a " vote duly had upon a petition duly filed." Moreover, People v. Seeley (*supra*) was very soon followed by People v. Cox (*supra*), which was decided by the same court. An indictment was there held to be sufficient which charged a sale of liquor in a town " in which a liquor tax certificate is prohibited as a result of a vote duly had in said town upon questions one, two and four, submitted under section 16 (now section 13) of the Liquor Tax Law." That case is a precise authority upon the question of the sufficiency of this indictment.

There was competent, ample proof to the effect that the town of Lloyd, where the sales were made, was a town in which, as the result of a vote of the electors, the issuance of a liquor tax certificate was prohibited. A witness for the plaintiff, on cross-examination by the defendant, was asked if he knew that the town was a no-license town, and replied that he did. The defendant himself, at the instance of his own counsel, gave testimony that the town had gone dry. In addition there was introduced in evidence from the files of the county treasurer of the county of Ulster a certified copy of a statement of the result of the vote at an excise election from which it appeared that the town had voted no license for the period covering the date of the sales under consideration. This instrument had been made by the town clerk of the town of Lloyd in accordance with section 13 of the Liquor Tax Law. It is specifically provided in that section that when such a certified statement has been filed the county treasurer shall issue no liquor tax certificates. The production of the clerk's certified statement conclusively established that the county treasurer could not have issued a liquor tax certificate without violating the law, and

therefore, that no such certificate had been issued. We think that the indictment and the proof are sufficient to sustain the judgment.

The judgment should be affirmed.

Judgment of conviction unanimously affirmed.