In re FARLEY, State Commissioner of Excise.

(Supreme Court, Appellate Division, First Department.   March 22, 1912.)

INTOXICATING LIQUORS (§ 261*)—ABATEMENT AND INJUNCTION—STATUTORY PROVISIONS.

> Under Liquor Tax Law (Consol. Laws 1909, c. 34) § 15, subd. 8, as amended by Laws 1911, c. 643, which provides that, where a liquor tax certificate has been canceled or forfeited for disorderly conduct on the premises for which it was held, no new certificate shall be issued for said premises to any person, and no person shall traffic in liquors at said premises for one year from the final order canceling such certificate, where pending proceedings for the revocation of one certificate another person took out a certificate for the same premises, the sale of liquor thereunder could be enjoined under Liquor Tax Law (Consol. Laws 1909, c. 34) § 28, which provides for the enjoining of a person who shall "unlawfully traffic in liquor without obtaining a liquor tax certificate  *  *  * or shall traffic in liquors contrary to the provisions of this chapter."

> [Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 400, 401; Dec. Dig. § 261.*]

Appeal from Special Term, New York County.

Injunction by William W. Farley, State Commissioner of Excise, to restrain John Whalen from trafficking in liquors. From an order denying a motion for an injunction and from an order denying the motion after reargument, petitioner appeals. Reversed, and injunction granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles Firestone, for appellant.

Edward Weiss, for respondent.

MILLER, J.   The State Excise Commissioner applied under section 28 of the Liquor Tax Law (Consol. Laws 1909, c. 34) for an injunction restraining the respondent from trafficking in liquors, contrary to the provisions of said statute, at No. 120 West Thirty-Eighth street, in the borough of Manhattan. A liquor tax certificate issued to one Elise Ruehl for premises Nos. 1384 and 1386 Broadway

---

was revoked by an order of this court on April 7, 1911, on the sole ground that the premises had been suffered to become disorderly. Pending the proceedings for revocation, a liquor tax certificate was issued to respondent for said premises, No. 120 West Thirty-Eighth street. The petitioner stated on information and belief that the premises described in the applications for both of said certificates and where the traffic was actually carried on, both by said Ruehl and by the respondent, were one and the same. That statement was supported by affidavits made on knowledge, and was not denied.

, The sole question involved on this appeal is whether the proceeding was authorized by said section 28, which, in so far as material, provides:

"If any person shall unlawfully traffic in liquor without obtaining a liquor tax certificate, as provided by this chapter, or shall traffic in liquors contrary to any provision of this chapter, the state commissioner of excise, the deputy commissioner, or any taxpayer residing in the city, borough, village or town, may present a verified petition to a justice of the Supreme Court or a Special Term of the Supreme Court of the judicial district in which such county is situated, or the county court or judge of the county in which such traffic in liquors is carried on, for an order enjoining such person from trafficking in liquor thereafter."

It might seem at first glance that that section was intended to apply to the case of a traffic without a certificate or contrary to the authorization of the particular certificate issued, especially in view of the fact that an injunction may be obtained in and pending a proceeding for revocation pursuant to section 27.

The question, of course, is whether the respondent is trafficking in liquors "contrary to any provision" of the liquor tax law. That question is answered by subdivision 8 of section 15 as amended by chapter 643, Laws of 1911. As thus amended the material part provides as follows:

"* * * And if the violation of law for which the cancellation or forfeiture of said certificate was had was that the holder thereof, or his agent, had suffered or permitted said certificated premises, or any yard, booth, garden or any other place appertaining thereto or connected therewith, to become disorderly, or had suffered or permitted any gambling in the place designated by the liquor tax certificate as that in which the traffic in liquors was to be carried on, or in any yard, booth, garden or any other place appertaining thereto or connected therewith, no new certificate shall be issued for said premises to any person *and no person shall traffic in liquors at said premises* for the period of one year from the date of the entry of a final order cancelling such certificate, or from the date of the conviction of the certificate holder or his agent for such crime committed on said premises. * * *" (Italics are mine.)

The words in italics were added by said amendment, and were evidently intended for just such a case as this. It was therefore unlawful to traffic in liquors at said premises with or without a certificate for the period of one year from April 7, 1911, and the case is plainly within said section 28.

As there is no denial of the material facts alleged in the petition, the order should be reversed, with $10 costs and disbursements, and the prayer of the petition granted, with costs.

All concur.