### In re FARLEY, State Excise Com'r.

(Supreme Court, Appellate Division, Second Department. June 7, 1912.)

INTOXICATING LIQUORS (§ 103*)—TRANSFER OF CERTIFICATE—TRANSFER PENDING PROSECUTION.

A liquor tax certificate was issued to a firm for the excise year commencing October 1, 1910, and on December 1st the holders permitted the premises to become disorderly, and one of them was convicted of conducting a disorderly house, and after such violation, but before the conviction, the holders transferred the certificate to appellant, who, pending an appeal from the conviction, had issued to him a certificate for selling on the same premises for the excise year beginning October 1, 1911. *Held*, that appellant was properly enjoined from trafficking in liquors contrary to the Liquor Tax Law until June 21, 1912, one year after the conviction of the original holders, in a proceeding brought by the state commissioner of excise.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 108, 110–112; Dec. Dig. § 103.*]

Appeal from Special Term, Kings County.

In the matter of the petition of William W. Farley, as State Commissioner of Excise, for an order enjoining William J. Dreeland from selling intoxicants. From an order granting the petition, Dreeland appeals. Affirmed.

See, also, 135 N. Y. Supp. 1111.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Ralph K. Jacobs, of Brooklyn, for appellant.
Ira L. Rosenson, of Brooklyn, for respondent.

WOODWARD, J. A liquor tax certificate was issued to Max Freeman and Jacob Siegel, comprising the firm of Freeman & Siegel, under subdivision 1 of section 8 of the Liquor Tax Law (Consol. Laws 1909, c. 34), for premises No. 171 Myrtle avenue, Brooklyn, for the excise year commencing October 1, 1910. On December 1st of that year the holders of said license tax certificate suffered and permitted the premises for which said certificate was issued to become disorderly,

and on the 22d day of June, 1911, one of the holders, Jacob Siegel, after a trial in the Court of Special Sessions in the Borough of Brooklyn, was found guilty and duly convicted of conducting a disorderly house at the certificated premises. On the 29th day of December, 1910, subsequent to the violation and before the conviction of Siegel, the holders of said certificate caused the same to be transferred to the present respondent, William J. Dreeland. · While an appeal from the conviction of Siegel was pending, the respondent Dreeland had issued to him on September 8, 1911, liquor tax certificate No. 6,010 for traffic in liquors at the same premises for the excise year beginning October 1, 1911. The appeal taken by Jacob Siegel not having been brought to a determination on December 1, 1911, the petitioner, as State Commissioner of Excise, caused an order to show cause to issue, returnable on the 7th day of December, 1911, why the respondent Dreeland should not be enjoined from trafficking in liquors contrary to the provisions of the Liquor Tax Law until June 21, 1912. The proceeding resulted in an order enjoining the respondent, and from this order the respondent appeals to this court.

This same question was presented to the court in Matter of Farley, 134 N. Y. Supp. 397, and the First Department unanimously held that the injunction was proper, and we see no reason for disagreeing with that determination. The question of the constitutionality of this provision was before this court in Matter of Clement (Siems' Certificate) 141 App. Div. 139-140, 126 N. Y. Supp. 227, and we there held that no constitutional rights of the respondent were invaded.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.