FARLEY, State Com'r of Excise, v. REINHART.

(Supreme Court, Appellate Division, Second Department. November 12, 1915.)

INTOXICATING LIQUORS ☞106—CERTIFICATE—TRANSFER PENDING PROSECUTION—INJUNCTION.

Liquor Tax Law (Consol. Laws, c. 34) § 28, provides that the state commissioner of excise may enjoin traffic in liquor contrary to the chapter, and section 15, subd. 8, as amended by Laws 1910, c. 485, § 5, provides that, if a violation for which a certificate was forfeited was that the holder thereof, or his agent, had allowed the premises to become disorderly, no new certificate should be issued therefor and no person should traffic in liquor thereat for one year from the order of cancellation, or from the conviction of the certificate holder or his agent, was amended by Laws 1912, c. 378, which provides that if the certificate was canceled for violation by "any person while" the holder "of a liquor tax certificate issued for said premises," or his agent, for permitting the premises to become disorderly, no new certificate should be issued and no person should

traffic in liquor on the premises for one year after the cancellation or from the conviction of any person while the holder "of a liquor tax certificate issued for said premises," or his agent, provided that upon appeal from cancellation or from conviction for such crime committed on said premises, and upon a stay of the penalties, and upon affirmance of the cancellation or the conviction, no person shall traffic in liquors at the premises for one year from the affirmance, and that the discontinuance of traffic for one year or less should not forfeit any right of traffic attached to the premises. *Held,* that the conviction of the assignee of a certificate attached the disqualification of the premises, irrespective of whether the assignee was the holder at the time of his conviction, so that, where the assignee in the year beginning October 1, 1913, and ending September 30, 1914, permitted the premises to become disorderly and was convicted October 28, 1914, after the expiration of that year, traffic under a certificate issued to his wife October 1, 1914, would be enjoined.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 113, 115; Dec. Dig. ☜106.]

Appeal from Special Term, Kings County.

Petition by William W. Farley, as State Commissioner of Excise, for an injunction order, etc., against Theresa H. Reinhart. From an order granting respondent's motion for a reargument of the motion for an injunction, and vacating an order of injunction, petitioner appeals. Reversed, and motion for injunction granted.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

C. R. O'Connor, of Hobart (A. L. O'Connor, of Hobart, on the brief), for appellant.

Ira L. Rosenson, of Brooklyn, for respondent.

STAPLETON, J. The state commissioner of excise appeals from an order granting the respondent's motion for a reargument of a motion for an injunction, and vacating and setting aside an order which enjoined and restrained the respondent, Theresa H. Reinhart, from trafficking in liquors at certain premises for the period of one year, commencing October 28, 1914, and denying a motion of the petitioner for an injunction. The application is made under section 28 of the Liquor Tax Law, which provides for an injunction restraining the trafficking in liquors contrary to the provisions of that law.

On October 1, 1914, a liquor tax certificate was issued to Theresa Reinhart. For the certificate year immediately preceding October 1, 1914, a liquor tax certificate was issued to one McKeon, authorizing him to traffic in liquors on the certificated premises for the excise year beginning October 1, 1913, and ending September 30, 1914. On the 23d day of January, 1914, McKeon transferred that certificate to Edward Reinhart. On August 30, 1914, and on September 4, 1914, Edward Reinhart suffered and permitted the certificated premises to become disorderly, in violation of section 1146 of the Penal Law. On the 28th day of October, 1914, he was convicted of a misdemeanor in violating that section. On the 3d day of December, 1914, this proceeding was instituted.

Under subdivision 8 of section 15 of the Liquor Tax Law (chapter 39, Laws of 1909, constituting chapter 34 of the Consolidated Laws), as amended by chapter 281 of the Laws of 1909, and chapters 485 and 503 of the Laws of 1910, an order enjoining from trafficking in liquors a person holding a liquor tax certificate, under circumstances substantially similar to those existing in the case at bar, was upheld by this court. Matter of Farley v. Dreeland, 151 App. Div. 456, 135 N. Y. Supp. 869.

The only question presented by this appeal is: Has the Liquor Tax Law, as amended by chapter 485 of the Laws of 1910, section 5, been so changed by chapter 378 of the Laws of 1912 that the decision in the Dreeland Case is no longer an authority? The law, as it stood before amendment, read as follows:

" * * * And if the violation of law for which the cancellation or forfeiture of said certificate was had was that the holder thereof, or his agent, had suffered or permitted said certificated premises, or any yard, booth, garden or any other place appertaining thereto or connected therewith, to become disorderly, or had suffered or permitted any gambling in the place designated by the liquor tax certificate as that in which the traffic in liquors was to be carried on, or in any yard, booth, garden or any other place appertaining thereto or connected therewith, no new certificate shall be issued for said premises to any person and no person shall traffic in liquor at said premises for the period of one year from the date of the entry of a final order canceling such certificate, or from the date of the conviction of the certificate holder or his agent for such crime committed on said premises: Provided, that the discontinuance of traffic in liquors for one year or less, by reason of the provisions of this section, shall not operate or be construed to forfeit any right of traffic which, under the provisions of this section, attached to the place for which such forfeited or revoked certificate was held."

The law as amended by chapter 378 of the Laws of 1912 reads as follows:

" * * * And if the violation of law for which the cancellation or forfeiture of said certificate was had was that any person while (2) the holder of a liquor tax certificate issued for said premises (3) or his agent had suffered or permitted said certificated premises or any yard, booth, garden or any other place appertaining thereto or connected therewith to become disorderly or had suffered or permitted any gambling in the place designated by the liquor tax certificate as that in which the traffic in liquor was to be carried on, or in any yard, booth, garden, or in any other place appertaining thereto or connected therewith, no new certificate shall be issued for said premises to any person and no person shall traffic in liquor in said premises for the period of one year from the date of the entry of a final order canceling such certificate, or from the date of the conviction of any person while the holder of a liquor tax certificate issued for said premises (4) or his agent (5) for a violation of section eleven hundred and forty-six or any section under article eighty-eight of the Penal Law: Provided, that if an appeal be taken from such final order canceling such certificate or from the judgment of conviction for such crime committed on said premises and if upon motion there shall be issued a stay of the penalties provided by this law as the result of such cancellation or conviction, and if the appellate court shall affirm on appeal the order cancelling such certificate or the conviction for such crime, then no person shall traffic in liquors at the said premises for the period of one year from the date of the entry of the order affirming on appeal such cancellation or conviction: Provided, that the discontinuance of traffic in liquors for one year or less, by reason of the provisions of this section, shall not operate or be construed to forfeit any right of traffic which, under the provisions of this section, attached to the place for which such forfeited or revoked certificate was held."

The editor of the official publication of the laws of the state of New York accurately notes the changes made in the law by the amendment, as follows:

"(2) Words 'any person while' new.

"(3) Words 'of a liquor tax certificate issued for said premises' substituted for word 'thereof.'

"(4) Words 'any person while the holder of a liquor tax certificate issued for said premises' substituted for words 'the certificate holder.'

"(5) Words 'for such crime committed on said premises' omitted.

"Remainder of subdivision, except last five lines [last proviso], new."

The opinion of the learned court at Special Term as to the effect of this amendment is expressed as follows:

"Section 15, subd. 8, of the Liquor Tax Law, provides explicitly that premises shall be penalized only upon the conviction of a person * * * while the holder of a liquor tax certificate. It appears conclusively that such was not the circumstance in this case."

We think it is quite clear that the conviction of a person who, while the holder of a liquor tax certificate, suffers or permits the certificated premises to become disorderly, attaches the statutory disqualification to the premises, irrespective of whether or not the offender is the holder of the certificate at the time of conviction, and that this construction is in harmony with the spirit of the law. The more elaborate description of "the certificate holder" in the latter enactment, the vital purpose of which was to refer to sections of the Penal Law and to provide for the contingency of a stay on appeal, cannot be the foundation of a valid contention that the Legislature intended so to change the law that the violator of the law could absolve the premises from the penalty of the disqualification by ridding himself of his certificate after violation and before conviction. The clause "while the holder of a liquor tax certificate issued for said premises" must be held to qualify "violation," not "conviction."

The order should be reversed, with $10 costs and disbursements, and the motion for an injunction granted, with $10 costs. All concur.

