The editor of the official publication of the laws of the state of New York accurately notes the changes made in the law by the amendment, as follows:

"(2) Words 'any person while' new.

"(3) Words 'of a liquor tax certificate issued for said premises' substituted for word 'thereof.'

"(4) Words 'any person while the holder of a liquor tax certificate issued for said premises' substituted for words 'the certificate holder.'

"(5) Words 'for such crime committed on said premises' omitted.

"Remainder of subdivision, except last five lines [last proviso], new."

The opinion of the learned court at Special Term as to the effect of this amendment is expressed as follows:

"Section 15, subd. 8, of the Liquor Tax Law, provides explicitly that premises shall be penalized only upon the conviction of a person * * * while the holder of a liquor tax certificate. It appears conclusively that such was not the circumstance in this case."

We think it is quite clear that the conviction of a person who, while the holder of a liquor tax certificate, suffers or permits the certificated premises to become disorderly, attaches the statutory disqualification to the premises, irrespective of whether or not the offender is the holder of the certificate at the time of conviction, and that this construction is in harmony with the spirit of the law. The more elaborate description of "the certificate holder" in the latter enactment, the vital purpose of which was to refer to sections of the Penal Law and to provide for the contingency of a stay on appeal, cannot be the foundation of a valid contention that the Legislature intended so to change the law that the violator of the law could absolve the premises from the penalty of the disqualification by ridding himself of his certificate after violation and before conviction. The clause "while the holder of a liquor tax certificate issued for said premises" must be held to qualify "violation," not "conviction."

The order should be reversed, with $10 costs and disbursements, and the motion for an injunction granted, with $10 costs. All concur.

---

FARLEY, State Com'r of Excise, v. VOLCKENING. (No. 332–215.)

(Supreme Court, Appellate Division, Second Department. November 19, 1915.)

Appeal from Special Term, Kings County.

Petition of William W. Farley, as State Commissioner of Excise, for an injunction order, etc., against Frederick C. Volckening. Judgment for defendant, and petitioner appeals. Reversed, and motion for injunction granted.

Argued before JENKS, P. J., and STAPLETON, MILLS, RICH, and PUTNAM, JJ.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion for injunction granted, with $10 costs, on authority of Farley v. Reinhart, 155 N. Y. Supp. 869, decided November 12, 1915.